[Crim. No. 11063. Third Dist. Feb. 4, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
JERRY STOUGHT, Defendant and Appellant.

COUNSEL

Steve L. Bedient, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Eddie T. Keller and W. Scott Thorpe, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

PARAS, J.—On July 30, 1980, a jury found defendant guilty of forcible oral copulation in concert with another person (count I; Pen. Code, § 288a, subd. (d)), false imprisonment (count II; Pen. Code, § 236), and forcible oral copulation (count III; Pen. Code, § 288a, subd. (c)).[1] On August 15, 1980, defendant was denied probation and sentenced to

---

[1]There is no doubt as to the separateness of the facts comprising the count I offense and the count III offense. No claim is made that the consecutive sentences are inadequately supported by the facts or that the sentences were calculated incorrectly.

prison for the nine-year upper base term for count I, plus an eight-month consecutive term for count II and eight more consecutive years for count III, the latter pursuant to Penal Code section 667.6, subdivision (c). He appeals the judgment, challenging the imposition of consecutive sentences.

■ Specifically, defendant contends that the eight-year consecutive term on count III was improperly imposed "since that enhancement was not pleaded and proved at trial." That is the sole issue before us.

Penal Code section 1170.1, subdivision (e), states in pertinent part: "The *enhancements* provided in Sections...667.6...shall be pleaded and proven as provided by law." (Italics added.) Penal Code sections 667.6, subdivision (a) and 667.6, subdivision (b), provide respectively for five- and ten-year "enhancements" for prior sex offenses. There is thus no question that these are subject generally to the pleading-proof requirement of section 1170.1, subdivision (e).

But Penal Code section 667.6, subdivision (c), states: "*In lieu of the term provided in Section 1170.1, a full, separate, and consecutive term may be imposed* for each violation of subdivision 2 or 3 of Section 261, Section 264.1, subdivision (b) of Section 288, Section 289, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace or threat of great bodily harm whether or not the crimes were committed during a single transaction. If such term is imposed consecutively pursuant to this subdivision, it shall be served consecutively to any other term of imprisonment, and shall commence from the time such person would otherwise have been released from imprisonment. *Such term shall not be included in determination pursuant to Section 1170.1.* Any other term imposed subsequent to such term shall not be merged therein but shall commence at the time such person would otherwise have been released from prison." (Italics added.)

Subdivision (c) thus unequivocally provides for a special consecutive term independent or "in lieu" of that established by section 1170.1. The Legislature provided for enhancements in subdivisions (a) and (b), but not in subdivision (c) or (d). A "full, separate and consecutive" term is an option available to the trial court when a sex crime enumerated in subdivisions (c) and (d) has been committed. There is nothing to plead and prove as an additional ingredient of such an offense. An "enhancement" results in a penalty additional to that normally imposed for the

charged offense, based on proof of additional facts. The consecutive sentence permitted by Penal Code section 667.6, subdivision (c), is based on the crime for which convicted; no additional factual finding incidental to another charge is necessary.

The judgment is affirmed.

Regan, Acting P. J., and Blease, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 22, 1981.