[Crim. No. 6751. Fifth Dist. Mar. 27, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
JUAN GAYTON REYES, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*The evidentiary issue, the issues of Hispanic underrepresentation on the venire and jury, and the issue of lesser included offenses are not published because they do not meet the standards for publication contained in California Rules of Court, rule 976(b).

804

**COUNSEL**

Howard M. Hoffman, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, W. Scott Thorpe and Nancy Sweet, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WOOLPERT, J.**—Defendant has been convicted of six sex offense violations of the Penal Code:[1] two violations of section 288 (commission of a lewd and lascivious act upon a child under 14); one violation of section 286, subdivision (c) (sodomy with a person under 14); one violation of section 261.5 (unlawful sexual intercourse with a person under the age of 18) and two violations of section 288a, subdivision (c) (oral copulation with a person under 14).

The jury found defendant guilty on all counts. It also specifically recommended that defendant be imprisoned in state prison rather than the county jail for the section 261.5 violation. Defendant was sentenced to a total of 18 years in state prison: five years for one violation of section 288, to run concurrent with the other sentences imposed; five years for the other violation of section 288, also to run concurrent; six years for violation of section 286, subdivision (c); two years for violation of section 261.5, also to run concurrent; six years for one violation of section 288a, subdivision (c), to run consecutive to that imposed for the section 286, subdivision (c) violation; and six years for the other violation of section 288a, subdivision (c), to run consecutive. He was granted preincarceration time and good-time/work-time credits totaling 688 days.

Defendant appeals from this conviction and sentence. The issues on appeal are:

---

[1]All statutory references are to the Penal Code unless otherwise indicated.

1. Did the trial court err in denying defendant's motion asserting under-representation of Hispanics in the venire and on the jury?

2. Did the trial court err in denying defendant's motion for acquittal?

3. Did the trial court err in refusing to instruct on lesser included offenses?

4. Did the trial court err in refusing to admit into evidence a sketch of two nude men?

5. Did the trial court err in imposing consecutive sentences?

## FACTS

Defendant lived in a house trailer near Shafter, California, with his wife. Three children also lived with them: a four-year-old girl (a child of the marriage), a nine-year-old girl, and a twelve-year-old girl (two children by the wife's previous marriage).[2] The nine and twelve-year-old are the children who were allegedly sexually abused by the defendant. The nine-year-old is named Ana, the twelve-year-old, Esmeralda. Defendant worked on the farm where they lived, and his work was performed in an isolated area.

On certain occasions, the daughters accompanied the defendant into the fields to help him with his work. Apparently this amounted to only light work and was not on a daily basis. The time involved in helping was approximately 30 minutes. The girls claimed defendant molested each of them on several occasions in his pickup truck during these trips to the field. Similar incidents took place at the trailer while the mother was gone. These events are explicitly detailed in the record. To avoid duplication, they will be recounted only as they become relevant to the issues as they are being discussed.

The girls did not tell their mother about these incidents. The mother took them to a health clinic for a checkup. She was concerned in part with why the girls would not explain to her the reason for their reluctance to go to the field with the defendant. At the clinic, the girls revealed to a social worker what had taken place.

Defendant claims that no molestation occurred whatsoever. He feels the girls were trying to get even with him because of his participation in disciplining and supervising them, as well as his refusal to let them live with

---

[2]These are the ages of the children at the time of the alleged crimes.

their grandparents. He denied ever threatening to hurt either girl, or ever hitting them.

### DISCUSSION

### UNDERREPRESENTATION OF HISPANICS IN THE VENIRE AND ON THE JURY*

. . . . . . . . . . . . . . . . . . . . . . .

### MOTION FOR ACQUITTAL: ELEMENTS OF CRIME

██ At the close of evidence on both sides, defense counsel made a motion for acquittal pursuant to section 1118.1. The motion involved only some of the counts against the defendant: count III (§ 286, subd. (c), sodomy with Ana); count V (§ 288a, subd. (c), oral copulation with Esmeralda); and count VI (§ 288a, subd. (c), oral copulation with Ana). In identical language, subdivision (c) of each of those sections requires that if the act be "accomplished against the victim's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person [,] [the defendant,] shall be punished by imprisonment in the state prison for three, six or eight years."

The crux of defendant's motion below was not that no force, fear, etc., existed, but that the degree of force demonstrated by the evidence was not sufficient for conviction under those sections. On appeal, defendant focuses almost exclusively on the aspect of the lack of force and fear of immediate bodily injury.

██ Preliminarily, we note several misconceptions which happened below and which are apparently continued in the appellate briefs. First, force, duress, fear, etc., are not always necessary for a conviction under section 286, subdivision (c), or section 288a, subdivision (c). At a minimum, all that is necessary is that the acts be found to have occurred, and that the necessary age discrepancy in those sections is found by the jury. Again, in identical language, an earlier clause of subdivision (c) of those sections provides that: "(c) Any person who participates in an act of oral copulation with another person who is under 14 years of age and more than 10 years younger than he, or when the act is . . . shall be punished . . . ." (See also 1 Witkin, Cal. Crimes (1983 supp.) Crimes Against Decency and Morals, § 541, pp. 464-465, discussing § 286, subd. (c); § 543, p. 467, discussing

---

*See footnote, *ante,* page 803.

§ 288a, subd. (c).) The jury found both Ana and Esmeralda to be under 14 years of age, and defendant to be 10 years older than each of them.

Defendant appears to say age is irrelevant, or by itself insufficient, and what matters is force, fear, etc. Defense counsel apparently thought the wording of the information required a finding of the age differences *and* that force or fear, etc., must be proven. The information with regard to count VI is representative of the wording in all three: "That said JUAN GAYTON REYES, on or about and between the 1st day of January, 1981, and, the 31st day of July, 1981, at and in said County of Kern, State of California, before the filing of this information, did willfully, unlawfully and feloniously participate in an act of oral copulation with Anna Gusman, a person under the age of fourteen years and more than ten years younger than the defendant, which act was accomplished against the victim's will by means of force, violence, duress, menace and fear of immediate and unlawful bodily injury, in violation of Section 288a(c) of the Penal Code." In the statutes, the list beginning with "means of force" is in the disjunctive. There is no question that all of these facts need not be proven for conviction. "Or" means "in the alternative." (The American Heritage Dict. (new college ed. 1981) p. 923; 3 Words and Phrases (1953) p. 577; 30 Words and Phrases (1972) p. 53; see also 58 Cal.Jur.3d, Statutes, § 136, pp. 531-532, which states that "'and' connotes a conjunctive meaning, while the word 'or' implies disjunctive or alternative meaning . . . .")

The problem in the trial court arose because of the omission of the disjunctive "or" which appears in the statutes between the words "defendant, which" in the information. This wording did not prevent a finding of guilt once age was established. The fact "or" was omitted, if error at all, was error benefiting the defendant. Under defendant's reading of the information, no question could have existed in his mind that he should be prepared to defend against an allegation of force, fear, etc., *and* the allegation of the ages of defendant and the victims. ■ The purpose of an information is to inform the defendant of the charges so that a defense may be prepared. Words need only be sufficient to give this notice. (*People* v. *McCurdy* (1958) 165 Cal.App.2d 592, 597-598 [332 P.2d 350].)

The jury was also instructed that force was a necessary element of both crimes. (CALJIC Nos. 10.40.2 and 10.50 (4th ed. 1982 pocket pt.) pp. 120-121 and 123-126, as modified by the court.) Because of the jury instructions given and the wording of the information, we will discuss the question of the sufficiency of the evidence on the question of force, fear, etc.

■ On appeal from the denial of a motion for acquittal, the reviewing court applies the same standard for reviewing the evidence as the trial court

did. That standard is the substantial evidence rule. (*People* v. *Wong* (1973) 35 Cal.App.3d 812 [111 Cal.Rptr. 314].)

■ Under the facts of this case, the jury could have found beyond a reasonable doubt that both victims were in fear of immediate and unlawful bodily injury. No doubt the jury kept in mind the fact that two very young girls were required to publicly discuss private parts of their bodies in the context of traumatic experiences. Fear has two common meanings, both of which come into play in this case. It is clear the statutes contemplate the following use: "A feeling of alarm or disquiet caused by the expectation of danger, pain, disaster, or the like; terror; dread; apprehension." (The American Heritage Dict., *supra*, p. 480.)

A second definition of fear is also relevant to this case because of the special relationship between defendant and the victims: "Extreme reverence or awe, as toward a supreme power." (*Ibid.*) The girls' fear of defendant caused by defendant's actions and words are only magnified because of his role as stepfather. (See *People* v. *Garcia* (1983) 147 Cal.App.3d 1103, 1105 [195 Cal.Rptr. 494], allowing use of the stepfather relationship to the victim for a finding of vulnerability of the victim for purposes of enhancement.) In the case of rape, for example, it has been found "that the woman's fear must have a 'reasonable basis in the overt actions of the alleged rapist . . . .' " (*People* v. *St. Andrew* (1980) 101 Cal.App.3d 450, 465-466 [161 Cal.Rptr. 634], quoting *People* v. *Hunt* (1977) 72 Cal.App.3d 190, 200 [139 Cal.Rptr. 675].) However, it has also been found that " ' "[o]ne who takes advantage of a victim's unreasonable fears of violence should not escape punishment any more than the swindler who cheats gullible people by false statements which they should have found incredible . . . ." ' (Commentary to Kentucky Pen. Code, quoted in *Salsman* v. *Com.* (Ky.App. 1978) 565 S.W.2d 638, 641.)" *People* v. *St. Andrew, supra,* at p. 466.)

*People* v. *St. Andrew* dealt with the fears of a mental patient who was allegedly raped. The observation of the court as to the impact of a special relationship upon a victim's subjective sense of fear or being threatened is particularly applicable to the parent-child, adult-child relationship: "Within the confines of a mental ward, unreasonable fear on the part of patients is likely to be the norm, and their attendants are presumably aware of that general state of affairs. [¶] If a hospital attendant takes advantage of his relationship with a female mental patient to have sexual intercourse with her *under circumstances in which he knows that she views his conduct as implying threat of* great and immediate *bodily harm accompanied by apparent power of execution, and she submits without resistance on that account, he is guilty* of the crime of rape *even though her view of his conduct may be 'unreasonable' in terms of general standards.* Of course, his knowledge

may be inferred from all the circumstances of the case." (*People* v. *St. Andrew, supra,* 101 Cal.App.3d at p. 466, italics added.)

Additionally, we note that threats need not be express, but may be inferred from conduct. (*Id.,* at p. 465.) Silent threats, of course, generate fear. Defendant took an active part in disciplining the girls who "hated him"; their mother "feared him."

At trial, Ana testified that defendant "took" her clothes off. He also "told" her to touch his genitals and anus, and to masturbate him. The jurors could reasonably conclude that the use of "told" by the witness infers an "order," not a request. (See *People* v. *King* (1979) 94 Cal.App.3d 696, 700, fn. 5 [156 Cal.Rptr. 268].) Over a period of time he threatened to "hit" her if she told on him, the kind of threat which would be remembered on the next occasion.

The older girl, Esmeralda, testified that this type of threat was made *while* defendant was doing the acts in question. She testified that defendant "made her" touch his genitals. She said she was generally afraid of defendant. She also said defendant "told" her to pull her pants down. He screamed at her, saying that if she wouldn't, he would. She also testified that she saw defendant pull down Ana's pants.

After reviewing the evidence, we hold that substantial evidence of force and fear existed, if indeed either need to have been considered a necessary element of the crimes of sodomy and oral copulation as charged in the information.

LESSER INCLUDED OFFENSES*

. . . . . . . . . . . . . . . . . . . . . .

SENTENCING

We are drawn to a serious sentencing problem contained in the record. It is uncertain if the jury found the section 286, subdivision (c), and section 288a, subdivision (c), violations were accomplished by force or threat. If by threat, the additional uncertainty of the degree of threat found also exists. As previously noted, defendant was sentenced to full consecutive terms for two violations of section 288a, subdivision (c), and one violation of section 286, subdivision (c). For the full consecutive terms to be

---

*See footnote, *ante,* page 803.

imposed for these serious sex offenses, the record must reflect with certainty that the jury verdict satisfied the requirements of section 667.6, subdivision (d).

If section 667.6, subdivision (d), is to be applicable in a verdict based upon threat, the act must be accomplished by threat of "great bodily harm," as distinguished from the apparently lesser degree of threat,[5] "immediate and unlawful bodily injury," which is required for a conviction without the imposition of full consecutive sentences. (Compare §§ 288a, subd. (c), and 286, subd. (c), with § 667.6, subd. (d).)[6] The section is also applicable where force is used. Interestingly, the degree of force necessary to trigger application of consecutive sentences appears to be identical for all three sections. After reviewing the information, the instructions, and verdict forms, we are unable to conclude that the jury decided the third, fifth, and sixth counts on the basis of use of force or threat of "great bodily harm."

Fear of immediate and unlawful bodily injury was used in the information and jury instructions, while threat of great bodily injury appears nowhere in the record. Of major concern is the use of the disjunctive in the jury instructions for sections 288a, subdivision (c), and 286, subdivision (c). (See CALJIC Nos. 10.40.2 and 10.50, *supra*.) In the instruction used for both sections, "or" appears as a bracketed instructional alternative between the word "force" and the phrase "fear of immediate and unlawful bodily injury." The jury in this case was instructed by use of the "or" alternative for finding a violation of either section.[7]

The verdict forms given the jury did not provide for a finding of either *force* or *threat* or *both.* The forms only provided for a finding of "guilty"

---

[5]We read the words threat and fear to be interchangeable in these subdivisions. Threat is synonymous with threaten. "Threaten . . . can refer to verbal promise of harm; . . . or overt action calculated or serving to make a person fearful; . . ." (The American Heritage Dict., *supra,* at p. 1340.)

[6]In 1980 both sections were modified. Great bodily injury was replaced with immediate and unlawful bodily injury. (Stats. 1980, ch. 915, §§ 1 and 2, pp. 2912-2913; see also Leg. Counsel's Dig. of Sen. Bill No. 1930, Stats. 1980 (Reg. Sess.) Summary Dig., p. 274.) Significantly, the use of great bodily injury in section 667.6 and its subdivisions was not similarly changed, despite specific references in that section to both section 288a, subdivision (c), and section 286, subdivision (c). (Pen. Code, § 667.6, subd. (d).) The same disparity in language also exists for some of the other sections referred to in section 667.6, subdivision (d). (Cf. §§ 261, subd. (2), and 289, subd. (a).)

[7]We note, for example, that the 1979 amendment to section 288, which added subdivision (b), requires a threat of great bodily harm for lewd or lascivious acts with a child, yet the age requirements of that subdivision are identical to those of subdivision (c) in sections 286 and 288a. The statutory "great bodily harm" term has been included in CALJIC No. 10.30.1. (Stats. 1979, ch. 944, § 6.5, p. 3254; CALJIC No. 10.30.1, *supra*.) However, because sections 286, subdivision (c), and 288a, subdivision (c), now use the term "immediate and unlawful bodily injury," the CALJIC instructions also use that terminology, which is adequate for the crimes, but not for sentencing under section 667.6.

for violation of the relevant section. As a result, it is impossible, on review, for this court to determine what the jury found. Without a specific finding, doubt exists whether threat was the basis for the verdict.

If threat was the basis, the jury's next task would have been to determine the degree of threat used so that the court, upon sentencing, would know if section 667.6, subdivision (d), was applicable. Not knowing if the degree of threat found reached the level of great bodily harm, the court could not impose consecutive sentences, as was done in this case.

It is suggested that when there is the possibility of consecutive sentences ultimately being imposed under section 667.6, subdivision (d), the jury instructions and findings be more specific. Section 677.6, subdivision (d), is not treated as an enhancement. ▮ Specificity in pleading the count and in jury findings may not be required when the crime cannot be committed in alternative ways. (*People* v. *Stought* (1981) 115 Cal.App.3d 740 [171 Cal.Rptr. 501].) ▮ However, the consecutive sentencing alternative of section 667.6, subdivision (d), cannot be used in the absence of certainty that the jury has reached a verdict which necessarily supports the use of the subdivision. The jury should be instructed to state unequivocally which of the alternative elements of section 286, subdivision (c), or section 288a, subdivision (c), it finds the defendant to have committed. The jury should further be instructed that if it makes a finding of use of threat or fear, it must additionally determine whether the degree of threat or fear was of great bodily harm, or only immediate and unlawful bodily injury. (See, e.g., CALJIC No. 9.03 (4th ed. 1979); *People* v. *Miller* (1981) 120 Cal.App.3d 233, 235-236 [174 Cal.Rptr. 479].)

For the reasons stated we affirm the conviction but remand the case for resentencing without the use of section 667.6, subdivision (d). Upon resentencing the court will have full discretion as to all counts.

Hanson (P. D.), Acting P. J., and Andreen, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 23, 1984.