[Crim. No. 12890. Third Dist. Aug. 22, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT JAMES RIFFEY, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*See footnote 1, *post,* page 421.

COUNSEL

Frank O. Bell, Jr., State Public Defender, under appointment by the Court of Appeal, and Harvey R. Zall, Chief Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Nancy Sweet and Edmund D. McMurray, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

PUGLIA, P. J.—In this appeal we decide whether Penal Code section 667.6, subdivision (c), may be applied to impose full consecutive terms without an adjudication by the jury that defendant's criminal conduct falls within the express provisions of that sentencing provision. We hold that it may not.

A jury convicted defendant of kidnaping (count I; Pen. Code, § 207), assault with a deadly weapon (count IV; Pen. Code, § 245, subd. (a)), three

counts of forcible oral copulation (counts V, VI, and VII; Pen. Code, § 288a, subd. (c)), and two counts of forcible rape (counts IX and X; Pen. Code, § 261, subd. (2)). The jury also found defendant used a knife in the kidnaping (Pen. Code, § 12022, subd. (b)) and committed each of the sex offenses while armed with a knife (Pen. Code, § 12022.3, subd. (b); all further references to sections of an unspecified code are to the Penal Code). The court imposed sentences upon count IV (felonious assault) and count I (kidnaping) enhanced by one year for use of a knife and then stayed these terms under section 654. For the remaining convictions defendant was sentenced to state prison for a term of forty-five years, consisting of upper terms of eight years for counts VII (oral copulation), IX (rape), and X (rape) running consecutively to each other (§ 667.6, subd. (c)) and consecutively to concurrent eight-year upper terms imposed upon counts V (oral copulation) and VI (oral copulation), five 2-year armed enhancements, four of which run consecutively to each other and one concurrently therewith, and a five-year enhancement under section 667.6, subdivision (a) for an admitted 1973 conviction of oral copulation by force (§ 288a; Stats. 1955, ch. 274, § 1, p. 729). The trial court ordered defendant to serve the 45-year term consecutively to a sentence of 8 years previously imposed for a kidnaping conviction in Sacramento (§§ 207 and 12022, subd. (b)), which the court made the principal term.

On appeal, defendant's principal challenge is to the validity of his sentence on the grounds the court improperly resorted to section 667.6, subdivision (c) as authority for imposing consecutive terms for the oral copulation convictions. Defendant's other contentions are set forth as they are dealt with in the unpublished portion of this opinion.[1]

On the morning of March 14, 1982, the victim was walking alone on an Auburn street when defendant leaped out of a parked van, held a butcher knife to her throat and forced her to enter the van under threat of death. Defendant drove the vehicle to a deserted area where he parked. He ordered the victim into the rear of the van. There she was forced to disrobe and to orally copulate defendant. At the same time defendant orally copulated the victim. After an interval of about 20 minutes, the victim was again forced to orally copulate defendant. Defendant then forced victim to engage in an act of sexual intercourse. A short time later defendant moved the van to another location where he again forced the victim to engage in an act of sexual intercourse.

Throughout all these events, defendant held the knife in his hand and several times threatened to kill the victim if she resisted.

[1]The Reporter of Decisions is directed to publish all of this opinion except parts I and III through VII (rule 976.1, Cal. Rules of Court).

When darkness fell, defendant drove the victim to a spot near her home and released her. The victim immediately reported the ordeal to the police. The next day the victim picked defendant's picture from a photo lineup as that of her assailant.

## I*

. . . . . . . . . . . . . . . . . . . . . . . . .

## II

Section 667.6, subdivision (c), provides as follows: "In lieu of the term provided in Section 1170.1, a full, separate, and consecutive term may be imposed for each violation of subdivision (2) or (3) of Section 261, Section 264.1, subdivision (b) of Section 288, Section 289, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace or threat of great bodily harm whether or not the crimes were committed during a single transaction. If such term is imposed consecutively pursuant to this subdivision, it shall be served consecutively to any other term of imprisonment, and shall commence from the time such person would otherwise have been released from imprisonment. Such term shall not be included in any determination pursuant to Section 1170.1. Any other term imposed subsequent to such term shall not be merged therein but shall commence at the time such person would otherwise have been released from prison."

Defendant assails the trial court's imposition of full, separate consecutive terms for two of the three oral copulation convictions on the ground there is variance between the statutory definition of the crime of oral copulation on which the jury based its verdicts and the language of section 667.6, subdivision (c).

A brief statutory history is helpful to development of the issue. Section 667.6, subdivision (c) (hereafter subdivision (c)) was added to the Penal Code in 1979 (Stats. 1979, ch. 944). It remains in pristine form, never having been amended. From its inception it has offered a more punitive mode of consecutive sentencing for those convicted of certain sex crimes. These crimes are designated in some instances by reference to their Penal Code section numbers without further limitation (e.g., "violation of subdivision (2) or (3) of Section 261") and in other instances by reference to their Penal Code section numbers but are limited to only one of several forms of the offense by express reference to certain distinguishing elements.

*See footnote 1, *ante,* page 421.

In the latter category are "violation of Section 286 or 288a by force, violence, duress, menace or threat of great bodily harm."

At the time subdivision (c) was enacted, section 288a, subdivision (c), condemned a form of aggravated oral copulation by one "who has compelled the participation of another person . . . by force, violence, duress, menace, or threat of great bodily harm." (Stats. 1975, ch. 71, § 10, p. 134.)

Thus there was originally perfect congruence between subdivision (c) and section 288a, subdivision (c). Implicit in this original congruent sentencing scheme was the requirement that the specific sex crime be charged and that the finding be made beyond a reasonable doubt by the trier of fact. This court took note of that congruence in *People* v. *Stought* (1981) 115 Cal.App.3d 740 [171 Cal.Rptr. 501], rejecting a contention that the full consecutive term imposed under subdivision (c) upon conviction for violation of section 288a, subdivision (c) was an enhancement required to be pleaded and proved at trial. We said: "The Legislature provided for enhancements in subdivisions (a) and (b) [of § 667.6], but not in subdivision (c) or (d). A 'full, separate, consecutive' term is an option available to the trial court when a sex crime enumerated in subdivisions (c) and (d) has been committed. There is nothing to plead and prove as an additional ingredient of such an offense. An 'enhancement' results in a penalty additional to that normally imposed for the charged offense, based on proof of additional facts. *The consecutive sentence permitted by Penal Code section 667.6, subdivision (c), is based on the crime for which convicted; no additional factual finding incidental to another charge is necessary.*" (*People* v. *Stought, supra,* 115 Cal.App.3d at pp. 742, 743; italics added.) So it was in less complicated times.

In 1980 the Legislature amended section 288a, subdivision (c), redefining forcible oral copulation as an act accomplished by means of "force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person."[3] There was no conforming amendment to subdivision (c). Thus a general verdict of guilty of violation of section 288a, subdivision (c) based on a charge and instructions in the language of the 1980 amendment no longer necessarily implies findings essential to invoke the sentencing mode of subdivision (c). The jury may have predicated guilt on a finding the victim was in fear of immediate and unlawful bodily injury to herself. Fear of bodily injury to oneself is a lesser level of coercion than

---

[3]Defendant was charged in the language of this amendment. The information averred that each act of oral copulation was accomplished by means of ". . . force, violence, duress, menace, and threat of immediate and unlawful bodily injury . . . ."

threat of great bodily harm; and fear of bodily injury to another is an entirely different kind of coercion.[4]

What is the meaning of the fact section 288a, subdivision (c), was amended without a conforming amendment to subdivision (c)? Did the Legislature thereby intend to transfer from the jury to the court in the exercise of its sentencing authority the power to find the essential factual predicate to the imposition of full, consecutive sentences, at the same time changing the burden of proof from beyond a reasonable doubt to a preponderance of the evidence? (See *People* v. *Nelson* (1978) 85 Cal.App.3d 99 [149 Cal.Rptr. 177].) Nothing in the language or history of the statute would suggest that the Legislature intended to achieve so significant a result by indirection. If that were the intention, it would far more likely have been accomplished by directly addressing the issue rather than inferentially as is claimed here. In fact, we believe the more likely inference to be drawn from the manner of the statutory change is that the Legislature simply overlooked the effect of its 1980 amendment to section 288a, subdivision (c), on the consecutive sentencing scheme in subdivision (c). Accordingly, what originated as an alternative sentencing scheme available simply upon conviction of violation of section 288a, subdivision (c), is now subject to pleading and proof in those cases affected by the 1980 amendment. The instant case falls within that class.[5]

The trial court instructed the jury regarding the oral copulation counts that in order to convict it had to find the acts alleged were committed "by means of force, violence, menace, or fear of immediate and unlawful bodily injury" to the victim. Thus the general verdict of guilt as to those three counts does not alone provide an adequate basis to invoke subdivision (c) absent a further special finding by the jury of at least one of the means of coercion essential to bring a conviction for violation of section 288a, subdivision (c), within the sentencing scheme of subdivision (c).

The conclusion we have reached is in accord with *People* v. *Reyes* (1984) 153 Cal.App.3d 803 [200 Cal.Rptr. 651], in which the court addressed the identical issue before us. In *Reyes,* the trial court had imposed full, consec-

---

[4]If the violation of section 288a, subdivision (c), is charged to have been committed by "force, violence, duress or menace," omitting any allegation of fear of bodily injury, and the jury is instructed accordingly, the finding essential to the invocation of subdivision (c) would necessarily be implied in a verdict of guilty.

[5]There is no problem of course where there is a conviction on proper instructions for any of the offenses specified in subdivision (c) by its section number without further limitation (e.g., violation of subd. (2) or (3) of § 261). Such a conviction constitutes an adjudication of every element necessary to the invocation of the consecutive sentencing mode of subdivision (c).

utive sentences for convictions of violations of section 286, subdivision (c) and section 288a, subdivision (c). The sentences were imposed pursuant to subdivision (d) of section 667.6, which differs from subdivision (c), in that it provides for mandatory consecutive sentences. "Fear of immediate and unlawful bodily injury" had been alleged in the information and included in the jury instructions as one possible basis for the convictions. The trial court had instructed in the disjunctive that such offenses may be committed by the other coercive means specified in each section. The *Reyes* court observed: "The verdict forms given the jury did not provide for a finding of either *force* or *threat* or *both*. The forms only provided for a finding of 'guilty' for violation of the relevant section. As a result, it is impossible, on review, for this court to determine what the jury found. Without a specific finding, doubt exists whether threat was the basis for the verdict. [¶] If threat was the basis, the jury's next task would have been to determine the degree of threat used so that the court, upon sentencing, would know if section 667.6, subdivision (d), was applicable. Not knowing if the degree of threat found reached the level of great bodily harm, the court could not impose consecutive sentences, as was done in this case." (*Id.*, at pp. 812-813.) The *Reyes* court concluded with a suggestion, with which we agree: "[W]hen there is the possibility of consecutive sentences ultimately being imposed under section 667.6, subdivision (d), the jury instructions and findings should be more specific. Section 677.6, subdivision (d), is not treated as an enhancement. Specificity in pleading the count and in jury findings may not be required when the crime cannot be committed in alternative ways. (*People* v. *Stought* (1981) 115 Cal.App.3d 740 [171 Cal.Rptr. 501].) However, the consecutive sentencing alternative of section 667.6, subdivision (d), cannot be used in the absence of certainty that the jury has reached a verdict which necessarily supports the use of the subdivision. The jury should be instructed to state unequivocally which of the alternative elements of section 286, subdivision (c), or section 288a, subdivision (c), it finds the defendant to have committed. The jury should further be instructed that if it makes a finding of use of threat or fear, it must additionally determine whether the degree of threat or fear was of great bodily harm, or only immediate and unlawful bodily injury. (See, e.g., CALJIC No. 9.03 (4th ed. 1979); *People* v. *Miller* (1981) 120 Cal.App.3d 233, 235-236 [174 Cal.Rptr. 479].)" (*Reyes, supra,* at p. 813.)

III*

. . . . . . . . . . . . . . . . . . .

*See footnote 1, *ante,* page 421.

The convictions are affirmed. The sentence imposed is vacated and the matter is remanded for resentencing in accordance with the views expressed herein.

Evans, J., and Sparks, J., concurred.