[Nos. F005546, F006288. Fifth Dist. Dec. 5, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
LAWRENCE V. JOHNSON, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts III and IV.

**COUNSEL**

Philip R. Clarkson, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Roger E. Venturi, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**BALLANTYNE, J.—**

INTRODUCTION

On September 11, 1984, an information was filed in Fresno County Superior Court. In the information appellant was charged with seven counts. Counts I through IV were for rape, a violation of Penal Code section 261, subdivision (2),[1] count V for forcible oral copulation, a violation of section 288a, subdivision (c), count VI for forcible sodomy, a violation of section 286, subdivision (c), and count VII for burglary with intent to commit rape, a violation of sections 459 and 460. Except for count VII, all counts contained an allegation that appellant had personally used a deadly weapon within the meaning of section 12022.3, subdivision (a).

The jury returned verdicts finding appellant guilty of counts I (rape), IV (rape), V (oral copulation), VI (sodomy) and VII (burglary with intent to commit rape). The jury also found that appellant had used a deadly weapon on counts I, IV, V and VI.

On April 11, 1985, the court imposed full term consecutive sentences on counts I, IV, V and VI. The middle term of six years was selected, resulting in a total term of 24 years. Four three-year enhancements were imposed to be served consecutively for the personal use of a deadly weapon on counts I, IV, V and VI. The court stayed the imposition of the midterm sentence of four years on count VII (burglary). The total sentence was 36 years. Appellant was ordered to be housed at the California Youth Authority until age 25, with the remaining term to be served with the California Department of Corrections.

On October 11, 1985, appellant was returned for resentencing pursuant to section 1170, subdivision (d). The court stayed execution of sentence on count IV (rape) as well as the use enhancement on this count, which reduced the total term to 27 years.

---

[1]All future references are to the Penal Code unless otherwise indicated.

## STATEMENT OF FACTS

Luanne L. went to the pool at her apartment complex to sun. Appellant was there and engaged in a conversation with Ms. L. Ms. L. eventually left the pool area and appellant followed her and asked if he could go to her place for a drink of water. She refused and proceeded the rest of the way to her apartment alone. Early the next morning Ms. L. was awakened by an intruder whom she identified as appellant. He held a knife in his hand. During the course of the next few hours appellant had Ms. L. orally copulate him, raped her (penetrating on more than one occasion), and sodomized her. During the acts of oral copulation and rape, appellant held a knife in his hand. However, during the act of sodomy, appellant and Ms. L. were off of the bed, standing facing it, while the knife lay on the pillow of the bed. After that Ms. L. asked to go to the bathroom. Appellant let her go as he stood nearby. It was then that she ascertained she had nine cuts on her left leg. Appellant asked Ms. L. to make some coffee, after which he talked with Ms. L. and looked through some of her photo albums. Upon being asked to leave, appellant left the apartment.

## DISCUSSION

### I

### THE TRIAL COURT IMPROPERLY IMPOSED FULL-TERM CONSECUTIVE SENTENCES UNDER SECTION 667.6, SUBDIVISION (c).

Appellant contends that the trial court sentenced him erroneously to full term consecutive sentences under section 667.6, subdivision (c), based upon his convictions of forcible oral copulation (§ 288a, subd. (c)), and forcible sodomy (§ 286, subd. (c)). This problem arises because of an incongruity between the language of the code sections which sets forth the elements which must necessarily be found to obtain a conviction of the substantive crimes of forcible oral copulation (§ 288a, subd. (c)) and forcible sodomy (§ 286, subd. (c)), and the language of section 667.6, subdivision (c), which sets forth the circumstances under which a judge may impose full term consecutive sentences for violent sex crimes.

The language of section 286, subdivision (c), at the time of the crime read as follows: "Any person who participates in an act of sodomy with another person who is under 14 years of age and more than 10 years younger than he, or when the act is accomplished against the victim's will by means of force, violence, duress, menace, or *fear of immediate and unlawful bodily injury* on the victim or another person shall be punished by imprisonment in the state prison for three, six or eight years." (Italics added.)

The language of section 288a, subdivision (c), is identical to section 286, subdivision (c), except for the use of the term "oral copulation" in place of the word "sodomy."

Section 667.6, subdivision (c), regarding consecutive sentencing, at the time of the crime provided in pertinent part as follows: "In lieu of the term provided in Section 1170.1, a full, separate, and consecutive term may be imposed for each violation of subdivision (2) or (3) of Section 261, Section 264.1, subdivision (b) of Section 288, Section 289, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace or *threat of great bodily harm* whether or not the crimes were committed during a single transaction." (Italics added.)

This court was the first to publish an opinion on this issue in *People* v. *Reyes* (1984) 153 Cal. App.3d 803 [200 Cal.Rptr. 651]. In *Reyes,* the defendant was convicted, inter alia, of sodomy with a person under 14 (§ 286, subd. (c)) and oral copulation with a person under 14 (§ 288a, subd. (c)). The trial court imposed full term consecutive sentences under section 667.6, subdivision (d), which, like subdivision (c), requires that the act be accomplished by threat of great bodily harm to justify consecutive sentencing.

The information and jury verdict contained the language "force or fear of immediate and *unlawful bodily injury*" (italics added). The verdict forms provided for a finding of "guilty" for violations of the substantive crimes. The court found that it was impossible, on review, for the court to determine whether threat was the basis for the verdict and, if so, whether the degree of threat (or fear) was of great bodily harm or only immediate and *unlawful bodily injury. (People* v. *Reyes, supra,* 153 Cal.App.3d at p. 813.) For this reason the court held that section 667.6 could not be used. (See also *People v. Reber* (1986) 177 Cal.App.3d 523, 535-536 [223 Cal.Rptr. 139].)

It was suggested in *Reyes* that the jury be instructed that "if it makes a finding of use of threat or fear, it must additionally determine whether the degree of threat or fear was of great bodily harm, or only immediate and *unlawful bodily injury." (People* v. *Reyes, supra,* 153 Cal.App.3d at p. 813, italics added.)

In *People* v. *Riffey* (1985) 171 Cal.App.3d 419 [217 Cal.Rptr. 319], the court addressed the identical issue and provided a historical and analytical background which is very useful. "[T]here was originally perfect congruence between subdivision (c) and section 288a, subdivision (c). [Unlike enhancements], [i]mplicit in this original congruent sentencing scheme was the requirement that the specific sex crime be charged and that the finding be made beyond a reasonable doubt by the trier of fact. This court took note

of that congruence in *People* v. *Stought* (1981) 115 Cal.App.3d 740 . . ., rejecting a contention that the full consecutive term imposed under subdivision (c) upon conviction for violation of section 288a, subdivision (c) was an enhancement required to be pleaded and proved at trial. . . . '*The consecutive sentence permitted by Penal Code section 667. 6, subdivision (c), is based on the crime for which convicted; no additional factual finding incidental to another charge is necessary.*' (*People* v. *Stought, supra,* 115 Cal.App.3d at pp. 742, 743; italics added. . . ." (171 Cal.App.3d at pp. 423-424, italics in original.)[2]

However, as the court noted, "So it was in less complicated times." (*Id.,* at p. 423.) In 1980, the Legislature amended section 288a, subdivision (c) (forcible oral copulation), and section 286, subdivision (c) (forcible sodomy), redefining the level of threat as that of "fear of immediate and *unlawful bodily injury* on the person." As a result, a conviction of the underlying crime committed by fear of immediate and *unlawful bodily injury* on the victim does not mean that section 667.6, subdivision (c), comes into play automatically as it did prior to the 1980 amendment. Therefore, the *Riffey* court found in accord with *Reyes, supra,* 153 Cal.App.3d 803, and held that the general verdict of guilt does not provide a basis to invoke section 667.6, subdivision (c), absent a further special finding by the jury of at least one of the means of coercion essential to bring a conviction within the sentencing scheme of section 667.6, subdivision (c). (*People* v. *Riffey, supra,* 171 Cal.App.3d at p. 424.)

Respondent argues that the present case is distinguishable from *Reyes* and *Riffey* because the jury was instructed and found that the appellant personally used a deadly or dangerous weapon, to wit, a knife. Respondent contends that neither *Riffey* nor *Reyes* involved a situation where the jury specifically found that the appellant had used a knife as defined in the instructions given to the jury in the present case. Indeed, in *Reyes* there was no weapons enhancement alleged, and in *Riffey,* although there was a finding by the jury that the defendant had used a deadly weapon, the court never considered the significance of this finding.

Respondent cites no helpful case authority to support this theory and the various contentions are somewhat inconsistent.

On the one hand, respondent seems to argue that the jury instruction at issue in the present case defines "deadly weapon" as "any weapon, instrument or object capable of being used to inflict *great bodily harm* or death"

---

[2]At this time section 667.6, subdivision (c), and section 288a, subdivision (c), both contained the language "by force, violence, duress, menace or threat of great bodily harm."

and defines "use" as to display such a weapon in a "menacing manner." (CALJIC No. 17.16, italics added.) Therefore, according to respondent, since the language of this instruction is so similar to that of section 667.6, subdivision (c), the jury made an "*implied finding*" that the degree of coercion essential to bring appellant's convictions of forcible oral copulation and forcible sodomy within the sentencing scheme of section 667.6, subdivision (c), was present when it found that appellant personally used a deadly weapon. Again, as we previously noted, respondent cites no authority nor can we find a case in which an implied finding has been held sufficient to expose a defendant to a greater term of imprisonment.

On the other hand, respondent appears to be invoking the reasoning used by the Supreme Court in *People* v. *Sedeno* (1974) 10 Cal.3d 703 [112 Cal.Rptr. 1, 518 P.2d 913]. In *Sedeno,* an instruction on a lesser included offense was erroneously omitted. However, the factual finding required by the omitted instruction was *necessarily resolved* by another instruction. "In such cases the issue should not be deemed to have been removed from the jury's consideration since it has been resolved in another context, and there can be no prejudice to the defendant since *the evidence that would support a finding that only the lesser offense was committed has been reflected by the jury.*" (*People* v. *Sedeno, supra,* at p. 721.)

If this is the analytical framework suggested, then the argument is that because the jury found that the defendant personally used a weapon capable of inflicting great bodily injury in a menacing manner, the jury necessarily found that the appellant used the threat of great bodily harm as required by the sentencing scheme of section 667.6, subdivision (c). However, the fact that a weapon *capable* of inflicting great bodily harm was used in a menacing manner does not necessarily resolve the factual issue of what degree of bodily harm was *actually* threatened—great or unlawful. This is the true test of *Reyes, Riffey* and *Reber, supra.*

Clearly the Legislature had in mind when it enacted section 667.6 to give the sentencing judge discretion to impose full-term consecutive sentences when confronted with a defendant who had used a method of coercion described in section 667.6 in order to commit violent sex crimes. While it may be argued that forcible sodomy and oral copulation at the point of a knife reaches the level of violence contemplated and that this court would be acting contrary to legislative intent by giving their apparent oversight so great an impact, we believe there is more to this problem than mere legislative oversight or semantic distinctions between the terms "unlawful bodily harm" and "great bodily harm." We agree with the Third District Court of Appeal which recognized the constitutional implications of allowing the sentencing judge too much discretion. "[S]erious constitutional questions of

due process of law are raised where a defendant is given a greatly enhanced sentence based upon facts found exclusively by the sentencing judge and not by a jury." (*People* v. *Foley* (1985) 170 Cal.App.3d 1039, 1055 [216 Cal.Rptr. 865].)

Although it may be a subtle distinction in language, the Legislature apparently found it significant or it would not have amended the substantive crime statutes to substitute the language "unlawful bodily harm" for "great bodily harm." The apparent intent in changing the language was to make a lesser degree of threat sufficient for a conviction. A greater degree of threat, however, was required to impose full-term consecutive sentences.

Furthermore, even if we assume, arguendo, that the finding of personal use of a deadly weapon capable of inflicting great bodily harm in a menacing manner may have been based upon evidence capable of supporting a finding of threat of great bodily harm, the same evidence may have supported a finding by the jury that the defendant, *in fact,* threatened a lesser degree of harm. We decline to speculate or to intrude upon the province of the jury in this manner when the defendant is exposed to a significantly greater sentence.

The fact that the jury considered language similar to section 667.6, subdivision (c), in the personal use instruction does not mean that the jury necessarily found that the defendant threatened the victim with great bodily harm. For this reason, a special finding is required. Since the jury made no special finding, the trial court erred in imposing full force consecutive terms. (*People* v. *Reber, supra,* 177 Cal.App.3d 523, 535; *People* v. *Riffey, supra,* 171 Cal.App.3d 419, 422-425; *People* v. *Foley, supra,* 170 Cal.App.3d 1039, 1050-1057; *People* v. *Reyes, supra,* 153 Cal.App.3d 803, 811-813.)

## II

### The Trial Court Improperly Imposed Consecutive "Use" Enhancements Under Section 1170.1, Subdivision (i).

Section 1170.1, subdivision (i), provides as follows: "For any violation of subdivision (2) or (3) of Section 261, Section 264.1, subdivision (b) of Section 288, Section 289, or sodomy or oral copulation by force, violence, duress, menace *or threat of great bodily harm* as provided in Section 286 or 288a, the number of enhancements which may be imposed shall not be limited, regardless of whether such enhancements are pursuant to this or some other section of law. Each of such enhancements shall be a full and

separately served enhancement and shall not be merged with any term or with any other enhancement." (Italics added.)

■ Appellant contends that the trial court erred in imposing the mandatory consecutive enhancements because, as pointed out in the preceding discussion, it cannot be determined whether the jury found at least one of the essential factors to bring the enhancements under the scheme of section 1170.1, subdivision (i).

Section 1170.1, subdivision (i), is another of the sentencing statutes made incongruous by the 1980 amendments to section 288a and section 286.[3] Whereas a conviction of the substantive crime is sufficient with a finding of the lesser threat of unlawful bodily harm, mandatory consecutive enhancements under section 1170.1, subdivision (i), require a threat of great bodily harm.

*People* v. *Reyes, supra,* 153 Cal.App.3d 803, and subsequent cases cited previously, held that the trier of fact at the guilt phase must find the fact which invokes the full force consecutive terms of section 667.6, subdivision (c) or subdivision (d). A sentencing judge cannot fill the gap created by the absence of such a finding with something merely implicit in the record. There is no reason in logic why the same rule should not apply to a determination of fact which invokes the mandatory consecutive enhancement scheme of section 1170.1, subdivision (i).

Based on the foregoing, the case must be remanded for resentencing. Upon remand the court should pay particular attention to section 1170.1, subdivision (a), which provides in pertinent part: ". . . The subordinate term for each consecutive offense which is not a 'violent felony' as defined in subdivision (c) of Section 667.5 shall consist of one-third of the middle term of imprisonment prescribed for each other such felony conviction for which a consecutive term of imprisonment is imposed, and *shall exclude any enhancements. . . .*" (Italics added.) However, in this particular situation, rule 447 of California Rules of Court specifies the proper method of imposing the enhancements in issue as follows: "No allegation or finding of a fact giving rise to an enhancement shall be stricken or dismissed because imposition of the additional term therefor is prohibited by section 1170.1 (a) or 1170.1 (d), or because the aggregate for enhancements would exceed the limit established by section 1170.1 (a), or because the overall aggregate term of imprisonment would exceed the limit established by section 1170.1 (f). *The sentencing judge shall impose sentence for the aggregate term of*

---

[3]Unlike section 667.6, section 1170.1, subdivision (i), has not yet been amended to conform to the substantive crime statutes.

*imprisonment computed without reference to those prohibitions and limitations, and shall thereupon stay execution of so much of the term as is prohibited or exceeds the applicable limit. The stay shall become permanent upon the defendant's service of the portion of the sentence not stayed."* (Italics added.)

### III, IV*

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

### Disposition

The conviction is affirmed. The case is remanded for resentencing in accordance with the principles announced in this opinion.

Franson, Acting P. J., and Hamlin, J., concurred.

---

*See footnote on page 182, *ante.*