[No. B019939. Second Dist., Div. Five. July 22, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
MANLIO OSUNA FLORES, Defendant and Appellant.

916

COUNSEL

Frank O. Bell, Jr., State Public Defender, under appointment by the Court of Appeal and Larry R. Pizarro, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Susanne C. Wylie and Renee Laurents, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ASHBY, J.—On June 25, 1985, appellant kidnapped an 11-year-old boy and took him to a motel room where appellant committed forcible sodomy upon him, and forced the child to oral copulate and masturbate appellant. By jury trial appellant was convicted of the following offenses: (1) forcible lewd act upon a child under 14 in violation of Penal Code section 288, subdivision (b),[1] with an enhancement pursuant to section 667.8 that for the purpose of committing such offense appellant kidnapped the victim; (2) forcible sodomy in violation of section 286, subdivision (c); (3) forcible oral copulation in violation of section 288a, subdivision (c); and (4) kidnapping in violation of section 207. Outside the presence of the jury appellant also admitted a prior felony conviction pursuant to section 667.5, subdivision (b).

Appellant was sentenced to state prison for a term of twenty-four years calculated as follows: a middle term of five years for kidnapping, a consecutive one-year term for the prior felony conviction, and three full consecutive terms of six years each for the sex offenses, pursuant to section 667.6, subdivision (c). Execution of sentence on the otherwise mandatory enhancement under 667.8 was stayed pursuant to section 654.

The only issues on appeal concern the propriety of appellant's sentence. In order to deal with these issues, however, we must describe the circumstances of the offenses.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

The victim, John G., was an 11-year-old boy, described during the testimony of one witness as small and frail for his age. On the afternoon of June 25, 1985, he was to meet a friend at a park in south El Monte, but the park was big and he got lost. John saw appellant and asked him where a certain street was, and appellant asked, "Why, are you lost?" When John answered that he was, appellant offered to drive him there. Instead, appellant drove to a convenience store and a hamburger stand where he bought beer, a soft drink, and hamburgers. During the trip, John was afraid, and at one point attempted to get out of appellant's truck while they were stopped at a red light, but he could not because the handle on the passenger door was broken off. Appellant then drove to the Wonderland Motel and took John into a motel room, promising to take John home after they finished their drinks and hamburgers.

As John was sitting on a chair, appellant came over to the chair, grabbed John by the hair, and physically threw him or forced him down hard on the bed. Removing John's pants and underwear, and his own, appellant pinned John down by the arms or shoulders and "stuck his penis in my butt."[2]

Appellant then took John's hand in his and moved it up and down on appellant's erect penis.

Appellant then grabbed John's hair at the back of John's head, pulled, and ordered John to open his mouth. When appellant pulled harder, John opened his mouth and appellant inserted his penis. Still holding John's head by the hair, appellant pulled John's head back and forth on appellant's penis.

Afterwards during a moment when appellant was distracted, John ran out the door, flagged down a policeman and reported what had happened. When the police knocked on the door of the motel room to investigate, appellant interrupted the officer and said, "If you're talking about the little blonde kid, I told him that I'd give him a ride home, but he ran away."

Appellant presented no defense at trial.

## CONSECUTIVE SENTENCE
### (PEN. CODE, § 667.6, SUBD. (C).)

Section 667.6, subdivision (c), authorizes full, separate, and consecutive terms, in lieu of the term provided in section 1170.1, for certain violent sex crimes. In this case appellant received full, separate, and consecutive terms for his three convictions of section 288, subdivision (b) (lewd act

---

[2] A hospital examination of the victim immediately after the incident disclosed bruising of the inner thighs and anus which confirmed the incident.

with child under 14), section 286, subdivision (c) (sodomy), and section 288a, subdivision (c) (oral copulation).

Appellant contends that his convictions of sodomy and oral copulation did not qualify for fully consecutive sentencing under section 667.6, subdivision (c), because at the time appellant committed his offenses there was a slight variation between the sentencing statute and the statutes defining those crimes. We conclude the statutory argument is unavailing in appellant's case, because the uncontradicted evidence shows his crimes fell within the standards of section 667.6, subdivision (c).

At the time of appellant's offenses, June 25, 1985, section 667.6, subdivision (c), read, as it had since its inception in 1979 legislation, as follows: "In lieu of the term provided in Section 1170.1, a full, separate, and consecutive term may be imposed for each violation of subdivision (2) or (3) of Section 261, Section 264.1, subdivision (b) of Section 288, Section 289, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace or threat of great bodily harm . . . ." (Stats. 1979, ch. 944, § 10, p. 3258.) This section thus described two categories of crimes subject to its provisions. In the first category were those crimes designated only by their Penal Code section number, namely, section 261, subdivisions (2) or (3), section 264.1, section 288, subdivision (b), and section 289. As to these crimes, no further qualifying conditions were required. A verdict of guilty of the charged crime was the only requirement for invoking the consecutive sentencing scheme. (*People* v. *Stought* (1981) 115 Cal.App.3d 740, 742-743 [171 Cal.Rptr. 501]; *People* v. *Montero* (1986) 185 Cal.App.3d 415, 434-435 [229 Cal.Rptr. 750]; *People* v. *Riddle* (1987) 189 Cal.App.3d 222, 232 [234 Cal.Rptr. 369].) Appellant's conviction of violating section 288, subdivision (b), falls into this category, and appellant's reply brief concedes this count was subject to fully consecutive sentencing under section 667.6, subdivision (c).

The second category of offenses in section 667.6, subdivision (c), however, consisted of a specifically described *type* of sodomy or oral copulation in violation of sections 286 or 288a, namely, "by force, violence, duress, menace or threat of great bodily harm . . . ." When this provision was originally enacted in 1979, there was no ambiguity about its application, because specific subdivisions of the sodomy and oral copulation statutes used exactly the same language, "by force, violence, duress, menace, or threat of great bodily harm." (Former § 286, subd. (c); Stats. 1979, ch. 944, § 6, p. 3253; former § 288a, subd. (c), Stats. 1979, ch. 944, § 7, p. 3254.) The limiting clause in section 667.6, subdivision (c), was apparently necessary to distinguish other violations of sections 286, subdivision (c), or 288a, subdivision (c), based solely on the age of the victim. (*People* v. *Foley* (1985) 170 Cal.App.3d 1039, 1052 [216 Cal.Rptr. 865].)

In 1980, however, the Legislature amended the definitions in sections 286, subdivision (c), and 288a, subdivision (c), to read, "by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person . . . ." (Stats. 1980, ch. 915, § 1, p. 2912, § 2, p. 2913.) Thus, after the 1980 amendments, a person could theoretically violate sections 286, subdivision (c), or 288a, subdivision (c), by means of "fear of immediate and unlawful bodily injury on the victim or another person" without necessarily using "force, violence, duress, menace or threat of great bodily harm." Apparently through oversight, the Legislature neglected to amend section 667.6, subdivision (c), at the same time to make it congruent with the 1980 amendments to sections 286, subdivision (c), and 288a, subdivision (c). (*People* v. *Riffey* (1985) 171 Cal.App.3d 419, 424 [217 Cal.Rptr. 319].)[3] Section 667.6, subdivision (c), therefore continued to require an apparently higher standard than the new definitions in sections 286, subdivision (c), and 288a, subdivision (c).

In several cases arising during this period, the Courts of Appeal reversed consecutive sentences under section 667.6, subdivision (c), where the appellate court could not determine from the record whether the jury had based its verdicts of forcible sodomy or forcible oral copulation on the new lesser standard of fear of immediate and unlawful bodily injury on the victim or other person. (*People* v. *Reyes* (1984) 153 Cal.App.3d 803, 812-813 [200 Cal.Rptr. 651]; *People* v. *Foley, supra,* 170 Cal.App.3d at pp. 1050-1058; *People* v. *Riffey, supra,* 171 Cal.App.3d at pp. 422-425; *People* v. *Reber, supra,* 177 Cal.App.3d at p. 535; *People* v. *Cortez* (1986) 187 Cal.App.3d 1152, 1155 [232 Cal.Rptr. 374]; *People* v. *Johnson* (1986) 188 Cal.App.3d 182, 185-189 [232 Cal.Rptr. 202].)

■ However, where the evidence shows as a matter of law that the defendant's conduct satisfied section 667.6, subdivision (c), and there is no contrary evidence worthy of consideration that the defendant's violation of section 286, subdivision (c), or section 288a, subdivision (c), was based on the lesser standard, the sentence pursuant to section 667.6, subdivision (c), should be affirmed. (*People* v. *White, supra,* 188 Cal.App.3d at pp. 1135-1137. See *People* v. *Garcia* (1984) 36 Cal.3d 539, 556 [205 Cal.Rptr. 265, 684 P.2d 826]; *People* v. *Thornton* (1974) 11 Cal.3d 738, 767-768 & fn. 20 [114 Cal.Rptr. 467, 523 P.2d 267]; *People* v. *Cantrell* (1973) 8 Cal.3d 672, 684-685 [105 Cal.Rptr. 792, 504 P.2d 1256].) This is such a case.

---

[3] This oversight was corrected by urgency legislation effective July 30, 1985, bringing section 667.6, subdivision (c), into line with the other provisions. (Stats., 1985, ch. 401, §§ 1, 2, pp. 1593-1594.) Appellant's crimes were committed June 25, 1985, before the urgency enactment. (See *People* v. *Reber* (1986) 177 Cal.App.3d 523, 535, fn. 3 [223 Cal.Rptr. 139]; *People* v. *White* (1987) 188 Cal.App.3d 1128, 1135 [233 Cal.Rptr. 772].)

■ The uncontradicted evidence in this case shows that appellant, a 41-year-old man, committed the offenses against a small 11-year-old boy, by direct, hands-on force and violence. Appellant committed sodomy by throwing the boy on the bed and holding the boy down by his arms or shoulders so that appellant could perpetrate the act. Appellant committed the oral copulation by forcefully and painfully holding the boy's head which appellant pulled back and forth over his penis. There could hardly be a stronger case of violating the statutes by direct "force" or "violence." There was no evidence that appellant committed the crimes by mere threats of bodily harm. Appellant presented no defense at trial; his statement to police denied any wrongdoing at all. The portions of the sodomy and oral copulation statutes dealing with mere threats had no application to the evidence and therefore there is no reason to set aside the sentencing pursuant to section 667.6, subdivision (c). (*People* v. *White, supra,* 188 Cal.App.3d at p. 1137.)

## MULTIPLE PUNISHMENT FOR KIDNAPPING

■ Appellant was convicted on count IV of kidnapping a child under 14 for the purpose of committing lewd acts, in violation of section 207, subdivision (b). In addition, as to count I, committing a lewd act on a child under 14 in violation of section 288, subdivision (b), the jury also found true the enhancement charged pursuant to section 667.8 that appellant kidnapped the victim in violation of section 207 for the purpose of committing the offense.

The trial court sentenced appellant for kidnapping by selecting count IV as the base term with a midterm of five years. The court then sentenced appellant to full, separate consecutive terms of six years each for the sex offenses, pursuant to sections 667.6, subdivision (c), and to an additional term of one year for the prior conviction, resulting in a total term of twenty-four years. Recognizing that the same act of kidnapping was involved on count IV and on the enhancement to count I pursuant to sections 667.8, the trial court stayed execution of the three-year[4] enhancement under section 667.8. We conclude the law required the court to do just the converse, to sentence on the enhancement and to stay execution of sentence on the kidnapping count.

Since the kidnapping was for the purpose of committing the sexual offenses and appellant has been punished for each of the sexual offenses,

---

[4]At the time of appellant's offense, section 667.8 provided a three-year enhancement. (Stats. 1983, ch. 950, § 1, p. 3418.) After appellant's offense, section 667.8 was amended to provide a subdivision (b) with a nine-year enhancement where the victim was under fourteen. (Stats. 1986, ch. 249, § 8.)

appellant correctly contends that ordinarily section 654 would bar execution of sentence on count IV, kidnapping. (*People v. Masten* (1982) 137 Cal.App.3d 579, 589 [187 Cal.Rptr. 515]; *People v. Burns* (1984) 158 Cal.App.3d 1178, 1181 [205 Cal.Rptr. 356] [citing cases]; *People v. Galvan* (1986) 187 Cal.App.3d 1205, 1219 [232 Cal.Rptr. 410].)

However, as explained in *In re Samuel B.* (1986) 184 Cal.App.3d 1100, 1108 [229 Cal.Rptr. 378], section 667.8 was enacted to provide a limited exception to the operation of section 654 in this situation. Section 667.8 not only permits, it mandates, that a person who commits one of the designated sex offenses must serve an additional term of three years if he kidnapped the victim for the purpose of committing that sexual offense.

The trial court apparently assumed that it could punish appellant either pursuant to section 207 or pursuant to section 667.8. *Samuel B., supra,* 184 Cal.App.3d 1100, explains that, once the determination has been made that the defendant kidnapped the victim for the purpose of committing the sexual offense, the court "cannot punish both offenses because of the proscription of section 654, but is mandated by section 667.8 to impose on defendant an additional three-year term." (P. 1108.) Under *Samuel B.* the court's only choice in this case was to stay the execution of sentence on the kidnapping count but impose execution of sentence on the section 667.8 enhancement.

Since this conclusion requires a mandatory substitution of the enhancement in place of the kidnapping sentence, and the total prison term is not significantly changed, we shall modify the judgment ourselves instead of remanding for a new sentencing hearing. (See *People v. Burns, supra,* 158 Cal.App.3d at pp. 1181-1184.)

## PRESENTENCE CUSTODY CREDIT
### (PEN. CODE, § 2900.5.)

The parties agree that the court incorrectly calculated the number of days of presentence custody and that we should modify the judgment accordingly.

## DISPOSITION

The judgment is modified to provide that defendant is sentenced to an additional consecutive three-year term pursuant to section 667.8 and that execution of sentence on count IV, kidnapping, is stayed, the stay to become permanent upon completion of sentence as to counts I, II, and III, and sections 667.5, subdivision (b), and 667.8, for a total term imposed of

twenty-two years. The judgment is further modified to provide that defendant has 391 days of credit for time spent in custody, including 261 days served and 130 days of conduct credits. As so modified, the judgment is affirmed.

Feinerman, P. J., and Hastings, J., concurred.