[No. B016844. Second Dist., Div. Seven. Aug. 26, 1986.]

In re SAMUEL B., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
SAMUEL B., Defendant and Appellant.

## Counsel

Paul T. Suzuki, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Donald E. De Nicola, Deputy Attorney General, for Plaintiff and Respondent.

## Opinion

**LILLIE, P. J.**—The minor challenges only the disposition order committing him to the custody of the California Youth Authority after petition was sustained alleging forcible rape in concert (count I) (§ 261, § 264.1, Pen. Code); kidnapping (count II) (§ 207, Pen. Code); and robbery (count III) (§ 211, Pen. Code).

### Facts

About 2 a.m., Olga V. and a friend were walking from a restaurant when they were approached by a car from which exited appellant and two men, one of whom demanded of her friend everything he had; at the same time, appellant grabbed and tore four gold chains and a pendant from Olga V.'s neck. Appellant told the men they should take her to the car whereupon appellant and the men grabbed her and forced her into the front seat.

Appellant drove for some time threatening Olga V., who was screaming; to stop her, one of the men tied a handkerchief around her mouth; appellant drove to an alley between two houses and stopped; the men forced her into a garage; one of them started to hug Olga V. but appellant told the others that he would go first; appellant removed her clothing and raped her while one of the men held her by the arms from behind, and the other watched out the door; then appellant pinned her arms behind her back while one of the other men raped her; while appellant held her down and threatened to

kill her if she resisted, the third man removed the handkerchief and forced her into an act of oral copulation during which she managed to scream, frightening the three. She was able to get up, and ran half naked and screaming to a house and knocked; the three men were still trying to grab her but when the resident came to the door, they ran; police arrived within 15 minutes and, after searching the area, found one of the men; appellant and the third man were found later.

*Defense*

Appellant testified he first saw Olga V. on his way to the liquor store; she was "freaking out" and others were holding onto her; when he returned, he found her seated in his car with his friend Tony (whose last name he did not know), kissing him; when he got into the driver's seat, Olga V. turned to him and kissed and caressed him; appellant drove to Tony's house and went into the garage; defendant told Tony to leave then he had sex with Olga V., who "got scared" and ran when Tony came into the garage. The jewelry found in his possession belonged to Olga V., and was torn off while they had sex; he told her he would give it to her when he took her home.

I

COMMITMENT TO CALIFORNIA YOUTH AUTHORITY

*No Abuse of Discretion*

Appellant contends the juvenile court abused its discretion by committing him to the Youth Authority; he argues it was punitive in that alternative dispositions were available, he had no prior record, except for a burglary on which he was counseled and released, and the probation officer failed to state reasons to support the recommended commitment. We disagree. The disposition order is supported by substantial evidence (*In re James H.* (1985) 165 Cal.App.3d 911, 922 [212 Cal.Rptr. 61]); there is manifest no abuse of judicial discretion. (*In re John H.* (1978) 21 Cal.3d 18, 27 [145 Cal.Rptr. 357, 577 P.2d 177]; *In re Anthony M.* (1981) 116 Cal.App.3d 491, 502 [172 Cal.Rptr. 153].)

The acts committed by appellant are grave offenses—forcible rape in concert with others, kidnapping and robbery—involving force, violence and threats to the victim. It is true, as pointed out by appellant, that a serious offense is not a ground, in and of itself, for Youth Authority commitment (*In re Lawrence B.* (1976) 61 Cal.App.3d 671, 674, 677 [132 Cal.Rptr.

599]), but the gravity of the offense is always a consideration with other factors. (*In re Abdul Y.* (1982) 130 Cal.App.3d 847, 869, fn. 21, 870 [182 Cal.Rptr. 146].) While the crimes here are extremely serious, the record clearly indicates that the Youth Authority commitment was predicated on factors other than a desire to punish appellant because of the seriousness of the offenses.

■ While the statutory scheme guiding the court in its treatment of juvenile offenders contemplates Youth Authority commitment as a last resort (§ 734, Welf. & Inst. Code; *In re Aline D.* (1975) 14 Cal.3d 557, 564 [121 Cal.Rptr. 816, 536 P.2d 65]), "[n]onetheless, there is no absolute rule that a Youth Authority commitment should never be ordered unless restrictive placements have been attempted. [Citations.]" (*In re Ricky H.* (1981) 30 Cal.3d 176, 183 [178 Cal.Rptr. 324, 636 P.2d 13].) Alternative dispositions were available but, under the circumstances, not to this appellant. Our Supreme Court responded to the contention appellant here makes—that under *In re Aline D., supra,* 14 Cal.3d 557 a commitment to the Youth Authority should never be ordered unless "less restrictive" placements have been attempted—in *In re John H., supra,* 21 Cal.3d 18: "To the contrary, the circumstances in a particular case may well suggest the desirability of a Youth Authority commitment despite the availability of such alternative dispositions as placement in a county camp or ranch. (See *In re Willy L.* [(1976) 56 Cal.App.3d 256,] 265 [128 Cal.Rptr. 592]; *In re Lawrence B., supra,* 61 Cal.App.3d 671, 677 (dis. opn.).) *Aline D.* stressed the importance of finding a probable benefit to the minor before a Youth Authority commitment can be upheld." (21 Cal.3d at p. 27.)

■ Here there was no substantial history of delinquent activity, but it is clear that other alternative placement options were explored and considered. Other factors clearly support the court's commitment. Appellant's counsel asked the court to send him to long term camp as the less restrictive alternative. The court found that the parents were incapable of providing proper maintenance, training and education for this minor and it was essential for his rehabilitation that he be removed from their custody; and committed him to the Youth Authority. The probation report, too, discloses that alternative dispositions were considered and rejected: "In view of the above, the probation officer feels that it is clearly evidenced that there is no alternative, and that a recommendation for the minor's commitment to the California Youth Authority is indicated." "[T]he above" refers to the probation officer's doubt as to the credibility of appellant's version of what occurred; the parents' downplay of his criminal conduct and their belief in their son's account of what happened; the minor's failure to attend school since he was 15 years old even though he has remained in his parents' home

and under their control at all times; the fact "the minor and two adult companions abducted the victim . . .; and drove her in a car to the City of Inglewood, California where they raped and robbed her in a garage"; and appellant's age, 18 years. The probation officer concluded, "A camp-community placement setting was considered by the probation officer, but it is contraindicated due to the minor's age." (*In re Anthony M.* (1981) 116 Cal.App.3d 491, 502-503 [172 Cal.Rptr. 153].) In the circumstances the court felt that the prospects for rehabilitation were better with the Youth Authority than in a camp. (*In re Abdul Y., supra,* 130 Cal.App.3d 847, 870-871).

Considering the lack of control by the parents and their inability to accept appellant's criminal conduct, the fact he has not been enrolled in school since he was 15 years old although living with his parents, the seriousness of the offenses, appellant's involvement with two adult males, the use by appellant of his car, what appears to be his instigation of the kidnapping and his "take charge" demeanor, even telling the others he would "go first," and appellant's unwillingness to face up to his responsibility for his crimes, the probation officer felt that a recommendation for Youth Authority commitment "is necessary for the protection of the community." (§ 202, subd. (b), Welf. & Inst. Code; *In re Abdul Y., supra,* 130 Cal.App.3d 847, 869.)

The only prior record shown in the probation report is a burglary for which he was arrested in 1984 when he was 16, no petition was filed and he was counseled and released. Even were this a case of a first-time offender, this in itself does not indicate that Youth Authority commitment is inappropriate. (*In re Abdul Y., supra,* 130 Cal.App.3d 847, 869; see also *In re Jessie L.* (1982) 131 Cal.App.3d 202, 218 [182 Cal.Rptr. 396].)

*Calculation of Maximum Term*

■ Appellant was committed to the custody of the California Youth Authority for a period not to exceed eleven years, eight months. The term was calculated as follows: nine years for rape (count I); one year, eight months for kidnapping (count II); and one year for robbery (count III). Appellant asserts: "the intent and objective of the perpetrators of the crimes was to rape the victim. The kidnapping which occurred was in furtherance of the rape." Thus, argues appellant, the imposition of separate consecutive sentences for both offenses contravenes the double punishment proscription of section 654, Penal Code. We agree. (*People* v. *Burns* (1984) 158 Cal.App.3d 1178, 1181 [205 Cal.Rptr. 356].) The appropriate procedure

is to stay execution of the sentence imposed for kidnapping (count II), the lesser offense, such stay to become permanent when service of sentence for forcible rape in concert (count I), the greater offense, is completed. (*People v. Masten* (1982) 137 Cal.App.3d 579, 590 [187 Cal.Rptr. 515]).

The Attorney General acknowledges that imposition of separate consecutive sentences for both offenses was error, and contends that the judge further erred in failing to impose the additional three-year term mandated by section 667.8, Penal Code, in calculating appellant's maximum term. Section 667.8 provides: "Any person convicted of a felony in violation of Section *261, 264.1,* 286, 288, 288a or 289 who, for the purpose of committing such sexual offense, kidnapped the victim in violation of Section *207, shall* be punished by an additional term of three years." (Italics added.)

In sustaining the petition, the juvenile court necessarily found appellant guilty of forcible rape in violation of section 261, committed in concert with others in violation of section 264.1, and guilty of kidnapping in violation of section 207. The evidence clearly establishes, and appellant, to escape the consecutive term imposed for the kidnapping in contravention of section 654, has conceded, that he kidnapped Olga V. for the purpose of committing the rape.

It cannot be disputed that the elements necessary for the imposition of the additional three-year term are manifest but appellant argues first, that such "enhancement based upon the kidnapping conviction would be improper as contravening Penal Code section 1170.1 subdivision (a)" and second, that section 667.8 was never alleged. We dismiss the first argument because no enhancement based on the kidnapping count is contemplated; under the language of section 667.8, the additional term of three years shall be imposed on appellant for conviction of a violation of sections 261 and 264.1, Penal Code, as alleged in count I (rape in concert), he having kidnapped the victim in violation of section 207 for the purpose of committing the rape.

 As to appellant's second argument, nothing in the language of section 667.8 or any other section, requires the facts necessary to invoke section 667.8 be pleaded and proved, or that one be placed on notice by pleading the statute. Section 1170.1 subdivision (f), Penal Code (last amended in 1985) reads: "The enhancements provided in Sections *667.5, 667.6,* 12022, 12022.1, 12022.3, 12022.4, 12022.5, 12022.6, 12022.7, 12022.8, and 12022.9 shall be pleaded and proven as provided by law." (Italics added.) While the legislature saw fit to include in the foregoing statute certain sections of the Penal Code in the 667 series dealing with other

enhancements, i.e., sections 667.5 and 667.6, it omitted therefrom section 667.8 (enacted by the legislature two years earlier, in 1983). In fact, no statute requiring pleading and proof refers to section 667.8. We note that the section immediately preceding it—section 667.7, providing for enhancement for the habitual offender—requires the prior prison terms be alleged in the accusatory pleading; and that the two sections immediately following—sections 667.9 and 667.10 permitting enhancements for crimes against certain classes of victims—have within their framework their own pleading and proof requirements. Thus, it appears that it was the intent of the Legislature to exempt section 667.8 from pleading and proof requirements, and the reason becomes clear upon an analysis of the statute.

The elements required to activate the mandatory provision of section 667.8, i.e., conviction of one of the listed sexual offenses and kidnapping the victim in violation of section 207 for the purpose of committing the sexual offense, here were established on the adjudication hearing by proof beyond a reasonable doubt after the elements of the underlying charges (forcible rape in concert in violation of §§ 261 and 264, and kidnapping in violation of § 207) were pleaded in the petition, which was sustained. We fail to see how pleading the enhancement or the statute or the facts necessary to invoke it, could have placed appellant on any more notice[1] than the charges alleged in the petition, the hearing and the court's order sustaining the petition.

Section 667.8 makes imposition of the additional three-year term mandatory upon a finding that defendant, having been convicted of one of the listed sexual offenses, kidnapped the victim in violation of section 207 for the purpose of committing such sexual offense. This is not a case in which, to invoke the statute, the court must make "a new finding of fact [citation] that was not an ingredient of the offense charged," which requires notice and other due process safeguards, as in *Specht* v. *Patterson* (1967) 386 U.S. 605, 608 [18 L.Ed.2d 326, 329, 87 S.Ct. 1209]; but is a case in which no new finding of fact is necessary to apply the statute, because that necessarily was established beyond a reasonable doubt when defendant was convicted of the underlying offenses. The finding affects only the computation of the maximum term and merely "ups the ante" on defendant, as in *McMillan* v. *Pennsylvania* (1986) 477 U.S. 79, — [91 L.Ed.2d 67, 106 S.Ct. 2411], presenting no due process issue, because he is not confronted with "'a

---

[1] We also fail to comprehend under the circumstances here, and appellant has not told us, how or in what manner pleading the section would have aided him or how failure to plead it has prejudiced him. Further, appellant knew or should have known that the provisions of section 667.8 applied to his case. (See *People* v. *Belasco* (1981) 125 Cal.App.3d 974, 984 [178 Cal.Rptr. 461].)

radically different situation' from the usual sentencing proceeding." *Id.,* 477 U.S. at p. — [91 L.Ed.2d at p. 78]

■ Section 667.8 cannot be invoked in a situation in which a defendant was convicted of rape and kidnapping which, under the facts are two separate offenses for which consecutive sentences can be imposed. The statute can apply only in a situation in which a defendant was convicted of a rape and kidnapping which comprise an indivisible transaction arising out of a single course of conduct and the kidnapping was perpetrated for the purpose of committing the rape. Under such circumstances defendant cannot be punished separately for the kidnapping (§ 654). To remedy the situation, existing prior to 1983, the Legislature added section 667.8 to provide that one convicted of one of the sexual offenses listed, be additionally punished therefor when, for the purpose of committing such sexual offense, he kidnapped the victim in violation of section 207. ■ Because of the nature of the factual finding necessary to invoke the statute, a sentencing fact that comes into play only after defendant has been found guilty of rape and kidnapping, it is apparent that the Legislature intended to exempt section 667.8 from pleading and proof requirements. If, upon conviction of rape and kidnapping in violation of section 207, the court at the time of imposition of sentence finds (expressly or impliedly) that the kidnapping was *not* perpetrated for the purpose of committing the rape, it may impose consecutive punishment but cannot invoke section 667.8; if it finds that the kidnapping was for the purpose of committing the rape, it cannot punish both offenses because of the proscription of section 654, but is mandated by section 667.8 to impose on defendant an additional three-year term. Once the finding is made, the statute divests the trial court of discretion, and it must comply with its mandate. Implicit in the imposition of the consecutive sentence for kidnapping (count II) is the court's finding that the rape and kidnapping arose out of a divisible course of conduct and constituted two separate offenses. We have hereinabove found that the juvenile court, in calculating the maximum sentence, erred because, as urged by appellant, the rape and kidnapping arose out of a single course of conduct comprising one indivisible transaction, i.e., the perpetration of the kidnapping was for the purpose of committing the rape. Further, because the court erred in this regard, it also erred in failing to impose the additional three-year term mandated by section 667.8.

Under the circumstances, and because of the mandatory nature of the statute, no issue of vindictiveness or of penalizing appellant for pursuing an appeal can reasonably arise. Under our order the trial court is not entitled to reconsider the entire sentencing scheme (see *People* v. *Burns, supra,* 158 Cal.App.3d 1178, 1184, and cases cited therein), but merely to correct its sentencing errors committed at the time the disposition order was made.

### DISPOSITION

The order is affirmed and the cause is remanded to the superior court with directions to modify the maximum term in a manner consistent with the views expressed herein.

Thompson, J., and Johnson, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 18, 1986.