[No F004268. Fifth Dist. Dec. 11, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
MODESTO CORTEZ, Defendant and Appellant.

## COUNSEL

Frank O. Bell, Jr., State Public Defender, under appointment by the Court of Appeal, and Joan W. Cavanagh, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Richard Thomson, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**THE COURT\***—Cortez was convicted after jury trial of six counts of forcible sodomy (Pen. Code,[1] § 286, subd. (c)), six counts of sodomy in a local detention facility (§ 286, subd. (e)), three counts of forcible oral copulation (§ 288a, subd. (c)), and three counts of oral copulation in a local detention facility (§ 288a, subd. (e)). The trial court sentenced him to 46 years in prison for these various crimes,[2] consisting of 36 years under section 667.6, subdivision (d)'s authorization for full-force consecutive terms plus 10 years under section 1170.1, subdivision (a)'s consecutive sentencing framework. The trial court imposed then stayed execution of consecutive two-year terms on the nine local detention facility counts, which had been alleged and proved as alternative counts to the forcible offenses.

Cortez contends and respondent agrees that, because the jury did not find that he committed the crimes by means of "force, violence, duress, menace, or threat of great bodily harm," two results followed: 1) the trial court erred

---

\*Before Franson, Acting P. J., Best, J., and Ballantyne, J.

[1]All statutory references are to the Penal Code.

[2]The trial court also ordered the sentence in the instant case to run consecutively with an existing 16-month sentence on a prior, unrelated case, for a grand total of 47 years 4 months.

in invoking section 667.6, subdivision (d)'s full-force consecutive term provision; 2) on remand, section 1170.1, subdivision (a)'s five-year limitation on subordinate terms for crimes other than "violent felonies" will come into play. Cortez also seeks further relief under section 654. For reasons to be stated, we will agree with Cortez's various contentions.

*Full-force Consecutive Terms*

■ As noted above, Cortez was sentenced to six full-force six-year consecutive middle base terms for violating section 286, subdivision (c). In 1984, when the instant crimes occurred, section 667.6, subdivision (d) did not apply to a violation of section 286 unless the sodomy was "by force, violence, duress, menace, or threat of great bodily harm." However, the trial court instructed the jury per CALJIC No. 10.50 (sodomy) and in accordance with the language of section 286, subdivision (c) that "fear of immediate and unlawful bodily injury" would support a conviction. The jury verdicts found, disjunctively, that Cortez "used force, violence, duress, menace, *or* threat of immediate and unlawful bodily injury in the commission of the sodomy." (Italics added.) On this record, we cannot determine whether the jury found at least one of the factors required to trigger section 667.6, subdivision (d). This being the case, the trial court erred in imposing full-force consecutive terms. (*People* v. *Reber* (1986) 177 Cal.App.3d 523, 535 [223 Cal.Rptr. 139]; *People* v. *Riffey* (1985) 171 Cal.App.3d 419, 422-425 [217 Cal.Rptr. 319]; *People* v. *Foley* (1985) 170 Cal.App.3d 1039, 1050-1057 [216 Cal.Rptr. 865]; *People* v. *Reyes* (1984) 153 Cal.App.3d 803, 811-813 [200 Cal.Rptr. 651].) Resentencing must occur.

*Limitation on Subordinate Terms*

On remand, the trial court will have to decide whether to impose concurrent or consecutive terms on the forcible sodomies. Since the full-force provision of section 667.6, subdivision (d) cannot apply, any consecutive term necessarily will be under section 1170.1, subdivision (a), which authorizes subordinate consecutive terms equal to one-third the middle base term for the particular offense. However, section 1170.1, subdivision (a) places a five-year lid on "the total of subordinate terms for such consecutive offenses which are not 'violent felonies' as defined in subdivision (c) of section 667.5 . . ." Section 667.5, subdivision (a) authorizes a three-year enhancement upon a defendant convicted of a "violent felony" for each prior prison term served for a "violent felony." In 1984, when the instant crimes occurred, section 667.5, subdivision (c)(4), like section 667.6, subdivision (d) discussed above, applied to "sodomy by force, violence, duress, menace, or threat of great bodily harm." As noted above, we cannot de-

termine whether the jury found at least one of the essential factors. This being the case, Cortez asserts and respondent concedes that the *Reyes-Riffey* rationale which precludes full-force consecutive terms also bars a total of subordinate terms exceeding five years.

In our view, the analogy is persuasive. As noted, in 1984, the language of sections 667.5, subdivision (c) and 667.6, subdivision (d) was identical as concerned sodomy, as well as oral copulation. Thus, the Legislature provided for three different adverse sentencing consequences for sodomies (and oral copulations) committed by particular means. First, section 667.5, subdivision (a) required a three-year additional term for each prior prison term for a "violent felony," instead of the typical one-year enhancement under section 667.5, subdivision (b) for nonviolent felonies. Second, sections 667.6, subdivisions (c) and (d) provided respectively for discretionary and mandatory full-force consecutive terms rather than terms equal to one-third the middle base term under section 1170.1, subdivision (a). Third, section 1170.1, subdivision (a) removed the five-year ceiling on consecutive terms for "violent felonies."

At one time, before 1980, perfect congruence existed between the statutory definitions of forcible sodomy (and oral copulation), on the one hand, and the special provisions of sections 667.5, subdivision (c) and 667.6, subdivisions (c) and (d). Thus, sections 288a and 286, like the other sections, required that the forcible species of the crime involve "force, violence, duress, menace, or threat of great bodily harm." When a defendant was convicted of forcible sodomy (or forcible oral copulation), the jury necessarily determined that the defendant used those means which could expose him to the various adverse sentencing consequences noted above.

In 1980, matters changed, when the Legislature amended sections 288a, subdivision (a) and 286, subdivision (c) to require a lesser showing, to wit, "fear of immediate and unlawful bodily injury." Sections 667.5, subdivision (c) and 667.6, subdivisions (c) and (d) were not amended at the same time. The result: the problems addressed in *Reyes, Foley, Riffey, Reber,* and the instant case.

 The cited cases have held that the trier of fact at the guilt phase must find the fact which invokes the full-force terms of section 667.6, subdivision (c) or (d). The sentencing judge may not fill a gap created by inadequate instructions and verdict forms. We see no reason in logic why a different rule should apply to a determination of fact which removes the five-year lid on consecutive terms under section 1170.1, subdivision (a).

The three-year enhancement for "violent felony" prior prison terms "shall be pleaded and proven as provided by law." (§ 1170.1, subd. (f).) A "violent

felony" enhancement cannot be imposed where the trier of fact failed to determine at the guilt phase the existence of the critical facts. To not require a similar determination as a predicate to removing the five-year ceiling on subordinate terms would be anomalous in the extreme. In each case, the ultimate issue is whether the crime is a "violent felony" as defined in section 667.5, subdivision (c).

In 1985, in apparent reaction to *Reyes, supra,* the Legislature amended section 667.6, subdivisions (c) and (d) to restore the congruence between the full-force terms authorization and the statutory elements of forcible sodomy and oral copulation. (Stats. 1985, ch. 401, § 1.) At the same time, the Legislature also amended section 667.5, subdivision (c) in the same way. (Stats. 1985, ch. 402, § 1.) The Legislative Counsel's digest of the latter amendment explains: "Existing law, with a specified exception, requires enhancement of a prison term imposed for a defined violent felony by 3 years for each previous violent felony for which the defendant served a prison term. 'Violent felony' is defined to include, in part, sodomy or oral copulation by threat of great bodily harm.

"This bill would instead include in this definition of 'violent felony' sodomy or oral copulation by fear of immediate and unlawful bodily injury on the victim or another. This change would conform the above provisions on penalty enhancement to the existing definitions of the crimes of sodomy and oral copulation."

The 1985 legislative action, to us, attempts a comprehensive cure of the various problems caused by the post-1980 disharmony between the three sentencing provisions, on the one hand, and the statutory definitions of forcible sodomy and oral copulation, on the other. The cure, through restored congruency, comes too late for the instant case.

We conclude that the five-year ceiling will apply in the event that the trial court, on remand, imposes consecutive terms.

*Future Enhancement Use of Alternative Convictions*

As noted above, the trial court imposed then, pursuant to section 654, stayed execution of sentence on the nine local detention facility counts, alternative counts to the nine forcible sex crimes. Cortez contends that the trial court also should have stayed any future use of these alternative convictions. In *People v. Pearson* (1986) 42 Cal.3d 351 [228 Cal.Rptr. 509, 721 P.2d 595], our Supreme Court recently resolved this issue in line with Cortez's argument: "Any subsequent sentences imposed on defendant can be enhanced on the basis of the convictions for which he served a sentence;

but convictions for which service of sentence was stayed may not be so used unless the Legislature explicitly declares that subsequent penal or administrative action may be based on such stayed convictions. Without such a declaration, it is clear that section 654 prohibits defendant from being disadvantaged in any way as a result of the stayed convictions." (*Id.* at p. 361.)

The judgment of conviction is affirmed. The judgment insofar as it relates to sentencing is vacated and the matter is remanded for resentencing in accordance with the views expressed herein.