[No. A034588. First Dist., Div. Four. Mar. 7, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
CORWIN MITCHELL, Defendant and Appellant.

**COUNSEL**

Frank O. Bell, Jr., State Public Defender, under appointment by the Court of Appeal, and Joel Kirshenbaum, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Stan M. Helfman and Mark S. Howell, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**POCHÉ, Acting P. J.**—Following a jury trial defendant Corwin Mitchell was found guilty of assault upon a police officer (count I, Pen. Code, § 241, subd. (b)),[1] a lesser included offense to the charge of assault with a firearm upon a police officer (§ 245, subd. (c)) and escape from lawful custody using force or violence (count II, § 4532, subd. (b)) while armed with a firearm (§ 12022, subd. (a)).[2] He was sentenced to state prison for the aggregate term of eight years,[3] the sentence being ordered to run fully consecutively to that imposed in the proceedings which defendant had been undergoing at the time of his escape. He appeals contending inter alia that the trial court erred in imposing a full upper term for the escape, that the court erred in

---

[1] All statutory references are to the Penal Code.

[2] The jury found defendant not guilty of count IV, assault with a firearm (§ 245, subd. (a)(2)) and of the lesser included offense of simple assault (§ 240). The jury also found that defendant did not personally use a firearm in conjunction with the escape (§ 12022.5).

[3] No sentence was imposed for the misdemeanor conviction in count I; on the trial court's own motion the conviction was dismissed.

The information further charged that defendant had numerous prior convictions. Prior to trial defendant admitted 21 of them. He received a one-year enhancement as one prior came within the provisions of section 667.5, subdivision (b).

imposing a one-year term for the arming enhancement in addition thereto and that the trial court failed to give sufficient reasons for imposing the aggravated term.

REVIEW

■ Defendant's initial challenge to the sentence goes to the propriety of imposing a full upper term for escape. In his view, because his crime was the attempted escape from a local facility, the trial court was required to sentence him to a consecutive term consisting of one-third of the middle term pursuant to section 1170.1, subdivision (a), rather than a full consecutive term pursuant to subdivision (c) of section 1170.1. We agree.

At all relevant times to this proceeding,[4] section 4532, subdivision (b) provided that the punishment for an escape from lawful custody by force or violence was two, four or six years "to be served consecutively." The statute did not set forth a method for calculating consecutive terms and the parties do not contend otherwise. The answer lies elsewhere: somewhere in section 1170.1.

Subdivision (a) of section 1170.1 provides that "Except as provided in subdivision (c) . . . [t]he subordinate term for each consecutive offense which is not a 'violent felony' . . . shall consist of one-third of the middle term of imprisonment . . . ." The stated exception, subdivision (c), provides in part that: "In the case of any person convicted of one or more felonies committed while the person is *confined in a state prison,* or is subject to reimprisonment for escape from such custody and the law either requires the terms to be served consecutively or the court imposes consecutive terms, the term of imprisonment for all the convictions which the person is required to serve consecutively shall commence from the time such person would otherwise have been released from *prison.*" (Italics added.)

■ Thus it is clear that where a defendant escapes from state prison, section 1170.1, subdivision (c), requires the trial court to impose a full and

---

[4]If this case were tried today the issue would be nonexistent for recent amendments to section 4532, subdivision (b) make it abundantly clear that a full consecutive term is to be imposed in this case.

As amended in 1985, subdivision (b) of section 4532 now provides in pertinent part: "Every prisoner . . . who is confined in any county or city jail . . . or who is in the lawful custody of any officer or person . . . who escapes or attempts to escape . . . is guilty of a felony and, . . . provided, that if such escape or attempt to escape is by force or violence, such person is guilty of a felony and is punishable by imprisonment in the state prison for a full term of two, four, or six years to be consecutive to any other term of imprisonment, commencing from the time the person would otherwise have been released from imprisonment and the term shall not be subject to reduction pursuant to subdivision (a) of Section 1170.1, . . ." (See Stats. 1985, ch. 915, § 1.)

separate consecutive sentence for the crime. (See *People* v. *Galliher* (1981) 120 Cal.App.3d 149, 153-155 [174 Cal.Rptr. 467]; *In re Sims* (1981) 117 Cal.App.3d 309, 313-314 [172 Cal.Rptr. 608]; *In re Kindred* (1981) 117 Cal.App.3d 165, 167-168 [172 Cal.Rptr. 468].) It is also plain that the consecutive sentencing scheme of subdivision (c) applies only to felonies committed in an escape by one *confined* in a *state prison*. Stated another way, one who escapes from a local facility or jail in violation of subdivision (b) of section 4532, must be given a consecutive term, but that term is to be calculated by the one-third of the midterm scheme contained in subdivision (a) of section 1170.1. (Accord *Wasko* v. *Vasquez* (9th Cir. 1987) 820 F.2d 1090, 1093; *People* v. *Jones* (1980) 110 Cal.App.3d 75, 77 [167 Cal.Rptr. 571].)

So far, the parties are in agreement. In order to understand why they differ on selecting the subdivision which governs this case, reference must be made to the underlying facts.

Defendant's attempt to escape occurred on February 7, 1985, following a hearing in the Alameda County Superior Court concerning 10 armed robberies, a burglary and a false imprisonment he committed in February of 1984.[5] When defendant committed these crimes, he was on parole from state prison; in fact he had been on parole since August 22, 1983. According to the prosecutor's statement at the sentencing hearing, at the time of the attempted escape, defendant "had been sentenced under his *Morrissey*[6] hearing and was under a parole violation jail time." There is no competent evidence in the record, however, to show that the *Morrissey* hearing had in fact occurred.

 Because defendant was on parole at the time of his attempted escape and perhaps that parole had been revoked, the Attorney General argues that defendant was constructively " 'confined in state prison,' " and therefore could be subjected to a full consecutive sentence under section 1170.1, subdivision (c). That argument might have merit if those allegations had been the basis for charging and convicting defendant of attempted escape from state prison, in violation of section 4530. Here, however, the crime charged and for which defendant was convicted was escape from local custody under section 4532, subdivision (b). The question thus

---

[5] The record is not clear regarding the nature of that appearance in the robbery case. The probation report at one point suggests that defendant was sentenced on February 7, but then at two other places says he was sentenced on March 29, 1985. We note, however, that during the trial the parties entered into a stipulation to the effect that on February 7, 1985, defendant was in the lawful custody of a deputy sheriff "for a court appearance and return to a county jail facility awaiting sentencing." This suggests to us that defendant was not sentenced for the robberies on the day of his attempted escape.

[6] *Morrissey* v. *Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593].

becomes whether defendant's sentence for the crime of escape from local confinement can be enhanced on a factual predicate—confinement in state prison—which was neither pleaded nor proven to the jury. We hold it cannot.

This is not the first case to examine such an issue. Thus in *People* v. *Jackson* (1985) 37 Cal.3d 826 [210 Cal.Rptr. 623, 694 P.2d 736], the California Supreme Court looked at the question of whether a serious felony enhancement under section 667 could be imposed by the trial court where the issue had not been pleaded and proven. The court reasoned: "The court could not impose an enhanced term for a subsequent serious felony without proof of each fact required for that enhancement, and principles of due process would require that defendant receive notice of the facts the prosecution intends to prove." (*Id*. at p. 835, fn. 12.)

Because a full consecutive sentence is an enhancement, (Cal. Rules of Court, rule 405(c)) the court in *People* v. *Logsdon* (1987) 191 Cal.App.3d 338 [236 Cal.Rptr. 359], followed *Jackson* and held that "the principles of due process also require a defendant receive notice of the facts the prosecution intends to prove in order to apply the provisions of section 1170.1, subdivision (c)." (*People* v. *Logsdon, supra,* at p. 344.) We find *Logsdon* persuasive here.

In *Logsdon,* the defendant escaped from Deuel Vocational Institute and committed a robbery. The prosecution sought a full consecutive sentence under section 1170.1, subdivision (c), contending that the defendant had committed the new felony while " 'subject to reimprisonment for escape' " from state prison. The *Logsdon* court answered: "Thus, when there is a possibility that full consecutive sentences may ultimately be imposed under section 1170.1, subdivision (c), the prosecution must plead and prove an allegation that the defendant was 'subject to reimprisonment for escape' at the time he committed the felony in question and defendant must be afforded the opportunity to respond to and disprove such allegation, if possible. In a jury trial, the jury should be so instructed and the findings must be sufficiently specific to insure the certainty that the jury has reached a verdict which necessarily supports the imposition of full term, consecutive sentences on the basis the defendant was 'subject to reimprisonment for escape' from state prison. [Citation.]" (At p. 344.)

The *Logsdon* rationale applies with equal force to the situation at hand, i.e., where the defendant is charged and convicted of escape from local custody but the prosecution seeks imposition of a full consecutive sentence because the defendant committed that crime "while confined in a state prison." Fundamental principles of due process require that where the

prosecution seeks to rely on the defendant's status as a state prison inmate rather than as a local inmate, the defendant must be given notice of that fact and he must be given an opportunity to respond. Further the prosecution must prove and the jury must find that allegation to be true beyond a reasonable doubt. To hold otherwise would transfer from the jury to the trial court the power to find the essential factual predicates for imposition of a full consecutive sentence and would alter the burden of proof from beyond a reasonable doubt to a preponderance of the evidence.

■■ There is, of course, nothing unusual or startling about the *Logsdon* rationale and holding. It is fully consistent with the approach utilized for full consecutive sentences for certain sexual offenses under the scheme of section 667.6, subdivision (c). Where the consecutive term is predicated on facts not identical to the charged crime, the factual allegations necessary to invoke section 677.6 must be pleaded and proved. (*People* v. *Riffey* (1985) 171 Cal.App.3d 419, 424-425 [217 Cal.Rptr. 319]; *People* v. *Reyes* (1984) 153 Cal.App.3d 803, 813 [200 Cal.Rptr. 651].)

■■■■■ For these reasons, we follow *Logsdon* and hold that in the absence of compliance with the fundamental requirements of due process, e.g., notice and an opportunity to be heard, the trial court could not sentence defendant to a consecutive term under section 1170.1, subdivision (c). ■■■ We therefore conclude that the trial court erred in utilizing that provision when imposing a full consecutive term for defendant's present crime.[7]

■■ This result compels the conclusion that the additional term for the gun possession enhancement must be stricken; a subordinate term for the

---

[7] Unlike the tack of the dissenting opinion, we find inapposite our holding in *People* v. *Hooker*■ (Cal.App.). There the elements of the charged crime were coextensive with the requisite elements for imposition of full consecutive sentences under section 667.6, subdivision (c). Under such circumstances, there is no requirement for pleading section 667.6, subdivision (c) nor proving it to the jury. (Accord *People* v. *Reynolds* (1984) 154 Cal.App.3d 796, 810-811 [201 Cal.Rptr. 826]; 0*People* v. *Price* (1984) 151 Cal.App.3d 803, 820-821 [199 Cal.Rptr. 99]; *People* v. *Masten* (1982) 137 Cal.App.3d 579, 591-592 [187 Cal.Rptr. 515]; *People* v. *Stought* (1981) 115 Cal.App.3d 740, 742-743 [171 Cal.Rptr. 501].) But, where the elements for imposition of full consecutive sentences under section 667.6, subdivision (c) are not coextensive with the elements of the charged crimes, the rule—for obvious reasons—is the opposite: all matters necessary to trigger full consecutive sentences must be pleaded, proven and found by the jury beyond a reasonable doubt. (*People* v. *Foley* (1985) 170 Cal.App.3d 1039, 1057 [216 Cal.Rptr. 865]; accord *People* v. *Cortez* (1986) 187 Cal.App.3d 1152, 1155 [232 Cal.Rptr. 374]; *People* v. *Reber* (1986) 177 Cal.App.3d 523, 535 [223 Cal.Rptr. 139]; *People* v. *Riffey, supra,* 171 Cal.App.3d at pp. 424-425; *People* v. *Reyes, supra,* 153 Cal.App.3d at p. 813.) Nothing we said in *Hooker* criticizes or varies from that unanimous view.

consecutive offense excludes enhancements. (§ 1170.1, subd. (a); *People* v. *Masten, supra,* 137 Cal.App.3d at pp. 590-591.)[8]

The judgment is modified by: (a) striking all reference to the term of "6" years for escape with force and substituting therefor the term of one year and four months (one-third of the middle term of four years); and (b) striking all reference to the term of one year under section 12022, subdivision (a). The Clerk of the Alameda County Superior Court is directed to prepare and file a corrected abstract of judgment reflecting these modifications and to forward a certified copy thereof to the Department of Corrections. In all other respects the judgment is affirmed.

Channell, J. concurred.

**SABRAW, J.**—I respectfully dissent. Today we decide whether the People, in charging a violation of Penal Code[1] section 4532, subdivision (b) (attempted escape from the custody of the sheriff of Alameda County), were also required to plead and prove that defendant was *constructively* "confined in state prison" at the time he attempted to escape in order for section 1170.1, subdivision (c) to be applied. I would hold that neither the statutory scheme nor due process mandate such pleading and proof at trial before a court may compute the length of a consecutive sentence pursuant to section 1170.1, subdivision (c), as an offense committed while defendant was "confined in state prison." In my view, defendant was properly sentenced.

## I. PRELIMINARY MATTERS

Before proceeding further with an analysis of consecutive sentencing law as it applies here, it is important to clarify what this case is and is not about.

### A. *Defendant's Offense Was Not an Attempted Escape From a "Local Facility."*

For the majority to begin their analysis by concluding that defendant was charged with attempted escape from a "local facility" is to begin the journey by boarding the wrong train. Presumably this misimpression has been drawn from the information which charged a violation of section 4532 subdivision (b) by alleging "defendant having been arrested and booked and

---

[8] The instant crime is not a "violent felony" as defined in section 667.5, subdivision (c), and therefore an enhancement for the gun possession is not allowed under section 1170.1, subdivision (a).

[1] All statutory references are to the Penal Code.

charged with a felony and in *lawful custody of the sheriff of Alameda County"* did attempt to escape." (Italics added.) The allegation that defendant was in the "custody of the sheriff of Alameda County" is not the equivalent of pleading an attempted escape by one who *"is confined in . . . county jail"* which is also made unlawful by section 4532 subdivision (b).[2] Only if defendant had been charged with attempted escape from "county jail"—which he was not—would a discussion of the law applicable to attempted escape from a "local facility" become relevant.

**B.** *Defendant Was Correctly Charged and Convicted Under Section 4532, Subdivision (b).*

This is not a case where the defendant was charged under the wrong code section.

It has been suggested that computation of a full consecutive sentence under section 1170.1, subdivision (c), might have been proper if defendant had been charged and convicted of attempted escape from state prison under section 4530. I disagree. Section 4532, subdivision (b), and not section 4530, is the appropriate statute for charging an attempted escape by a state prison inmate who is physically in the custody of someone other than the Department of Corrections at the time of the offense.

Section 4530 appears to apply only to a prison inmate who attempts to escape while physically in a state prison or while constructively in a state prison because he is otherwise in the physical custody of the Department of Corrections. Because those circumstances were not descriptive of defendant's status in our case, section 4530 could not have been appropriately used. Further, defendant could have been given a full consecutive sentence under section 1170.1, subdivision (c), whether he was charged with violating section 4532, 4530 or, for that matter, any other felony offense so long as it occurred while he was actually or constructively confined in state prison. (*People* v. *Lamont* (1986) 177 Cal.App.3d 577 [223 Cal.Rptr. 52].) Bringing section 4530 into the analysis on the subject of notice of prison inmate status merely serves to obscure the issue.

**C.** *Section 1170.1, Subdivision (c), Applies in This Case.*

My colleagues in the majority rely on *People* v. *Jones* (1980) 110 Cal.App.3d 75 [167 Cal.Rptr. 571] in concluding that section 1170.1,

---

[2] Subdivision (b) of section 4532 enumerates several categories of confinement from which a prisoner might be charged with escape, to wit: (1) "county or city jail", (2) "prison", (3) "industrial farm", (4) "industrial road camp", (5) "engaged on any county road or any other county work", (6) *"the custody of any officer or person in whose lawful custody he is."* (Italics added.)

subdivision (c), did not apply in this case, stating: "It is also plain that the consecutive sentencing scheme of subdivision (c) applies only to felonies committed in an escape by one *confined* in a *state prison*. Stated another way, one who escapes from a local facility or jail in violation of subdivision (b) of section 4532, must be given a consecutive term, but that term is to be calculated by the one-third of the midterm scheme contained in subdivision (a) of section 1170.1." (Maj. opn. at p. 304.)

First of all, subdivision (c) applies to more than felonies committed in an escape—all felonies committed in prison or outside prison following an escape fall within its purview. More importantly, reliance on *Jones* is misplaced under our facts. *Jones* provides a rule applicable where a defendant escapes or attempts to escape while serving local time. It does not address cases like this one. Here, defendant was physically in local custody but constructively in state prison at the time he tried to escape. *In re Kindred* (1981) 117 Cal.App.3d 165 [172 Cal.Rptr. 468], declined to decide the "open, difficult" question whether the *Jones* rule "applies to a person sentenced to state prison who escapes from local custody before actual confinement in prison." (*Id.* at p. 168.) The present case calls for that decision to be made today.

Defendant's escape attempt was not literally committed while he was "confined in a state prison." Instead, it occurred in the Alameda County Courthouse while defendant was in the custody of the county sheriff as a parole violator awaiting both return to state prison and sentencing on a dozen new felonies to which he had pleaded guilty. In my view, defendant was *constructively* "confined in a state prison" because his parole had already been revoked at the time of his attempted escape.

The doctrine of constructive custody has been applied in several different contexts. *People* v. *Nick* (1985) 164 Cal.App.3d 141 [210 Cal.Rptr. 137] established that a defendant committed to the custody of the Department of Corrections who escaped from a conservation camp was in state prison for purposes of 1170.1, subdivision (c). *People* v. *Pitcock* (1982) 134 Cal.App.3d 795 [184 Cal.Rptr. 772] decided that a defendant in the custody of the Department of Corrections and serving time at Deuel Vocational Institute was constructively in state prison for purposes of section 1170.1, subdivision (c). Finally, in *People* v. *Lamont, supra,* 177 Cal.App.3d 577, the court held that a defendant who was serving time in a work furlough program while in the custody of the Department of Corrections was constructively in state prison for purposes of section 1170.1, subdivision (c).

At the time of defendant's escape in our case his custodial status resulting from the revocation of his parole had already been placed under the

Department of Corrections. Therefore, he was in the constructive custody of the Department of Corrections at the time of his escape. Accordingly, the same rationale that lead to the conclusions in *Nick, Pitcock* and *Lamont* should also apply here so that defendant's actions rendered him subject to section 1170.1, subdivision (c).

## II. SECTION 1170.1 IS NOT THE TYPE OF ENHANCEMENT STATUTE WHICH REQUIRES SEPARATE PLEADING AND PROOF AT TRIAL

Contrary to the approach of the majority and the decision in *People* v. *Logsdon* (1987) 191 Cal.App.3d 338 [236 Cal.Rptr. 359], I would hold that neither the statutory scheme nor due process require the People to plead and prove that section 1170.1, subdivision (c), applies in a given case before a sentencing judge may compute the length of a consecutive sentence under that statute. In my view, section 1170.1, including subdivision (c), is a sentence computation statute which acts to *limit* the length of a consecutive sentence that is imposed under other statutes. Thus, the issue of whether the statute applies in a given case is simply a matter to be considered during the normal sentencing process.

### A. *Statutory Analysis*

#### 1. The Statutory Scheme

Section 1170.1 generally has the effect of *limiting* the total sentence to be served where consecutive sentences have been imposed. There are five different fact patterns (subdivisions (a) through (e)) subject to five different limitations. Were it not for these limitations, there would be no statutory limit to keep a defendant from serving the full term for each additional consecutive term, one right after the other.

Subdivision (a) establishes an aggregate term for consecutive sentences consisting of the principal (greatest) term plus the subordinate (additional) terms and instructs the court to take one-third of the middle term for the additional offenses excluding enhancements. It then imposes a five-year cap on the total of all of the subordinate terms.

By comparison, section 1170.1, subdivision (c), establishes the maximum length of a consecutive sentence as a function of defendant's state prison status when any new offense is committed. It first logically instructs that a consecutive sentence imposed on any offense committed after a defendant has been placed in state prison shall not commence until the defendant would have been released on the pre-existing sentence. It then goes on to instruct that if the defendant is being sentenced on more than one new

offense and the multiple new terms are to be served consecutive to one another, the same computation formula from subdivision (a) is to be used except that the total of any subordinate terms may exceed five years in length. *People* v. *Lamont, supra,* 177 Cal.App.3d 577, 584-585 quotes *In re Sims* (1981) 117 Cal.App.3d 309, 314 [172 Cal.Rptr. 608] for the proposition that the true legislative intent in making subdivision (b) [redesignated subdivision (c) by a 1982 amendment] applicable to crimes committed by state prison inmates is to require that they serve their full term for such conviction upon the completion of their term for other offenses for which they were convicted. The Legislature has thus made clear that a person who commits offenses while in prison is not entitled to the usual one-third of the middle term for consecutively imposed sentences. Any other reading of the section would make subdivision (c) superfluous.

2. Statutory Interpretation

There is nothing in section 1170.1 nor in any other statute or court rule which requires *from a statutory interpretation viewpoint* that the applicability of section 1170.1, subdivision (c), be pleaded and proved at trial. In fact, subdivision (f) of section 1170.1 specifically identifies those eleven enhancement statutes which "shall be pleaded and proven as provided by law." Conspicuous about the list in subdivision (f) is the omission of any reference to subdivision (c). Thus, it appears that it was the intent of the Legislature to exempt section 1170.1, subdivision (c), from the requirement of pleading and proof at trial.[3]

A further clear indication that statutes like section 1170.1 are not subject to pleading and proof at trial is found in the Advisory Committee's comment to rule 405 of the California Rules of Court which states: " 'Charged' and 'found.' Statutes require that the facts giving rise to *most* enhancements be charged and found. . . . But the enhancement arising from consecutive sentences results from the sentencing judge's decision to impose them, and not from a charge or finding." (Italics added.) A court's decision to make a sentence consecutive or concurrent is based on other authorizing statutes (for example §§ 669, 4501, 4501.5, 4502 or 4530) and not on section 1170.1,

---

[3] The language in *People* v. *Lawson* (1980) 107 Cal.App.3d 748 [165 Cal.Rptr. 764] might be viewed as being somewhat contrary. In construing the dual use of facts prohibition under section 1170, subdivision (b), the *Lawson* court noted that the Legislature had not listed certain statutes in subdivision (f) of section 1170.1. It held, however, that this circumstance was not indicative of an intent to exclude those statutes from the characterization of being "enhancements." (*Id*. at p. 755, fn. 7.) However, nothing in *Lawson* contradicts my conclusion that, from a statutory interpretation standpoint, subdivision (c) of section 1170.1 need not be pleaded and proven at trial, even if it is characterized as an "enhancement" because it is not listed in subdivision (f).

subdivision (c). The latter statute comes into play *only after a decision to make the sentence consecutive* has already been made.

In the present case, section 4532, subdivision (b), itself mandates that a sentence for an attempted escape with force shall be served consecutively to any underlying sentence. All section 1170.1, subdivision (c), says is that, if a defendant receives a new sentence on an offense committed after he is in state prison, he must first finish his underlying unserved term before service of the new consecutive sentence commences. The application of section 1170.1 has computational purposes only and does not involve determinations of guilt or innocence. I would hold, therefore, that application of any of the subdivisions in section 1170.1 belongs within the sentencing judge's realm and not the jury's.[4]

**B.** *Due Process Considerations: Adequate Notice of Custodial Status as an Issue at Sentencing.*

1. General Due Process Standards

It has been argued that failure to plead and prove to the jury defendant's custodial status as being "constructively in state prison" precludes the use of section 1170.1, subdivision (c). According to the argument, defendant did not receive sufficient *notice* that he would be faced at the time of sentencing with his status as a parole violator whose parole had been revoked awaiting return to state prison.

It is generally the rule that sentencing considerations need not be treated as elements of an offense upon which the defendant has a right to a full-blown trial by jury. (*McMillian* v. *Pennsylvania* (1986) 477 U.S. 79 [91 L.Ed.2d 67, 106 S.Ct. 2411].) Moreover, "[o]nce guilt has been determined, evidence which would be inadmissible on the issue of guilt may nevertheless be received as bearing on the punishment to be imposed." (*People* v. *Peterson* (1973) 9 Cal.3d 717, 725 [108 Cal.Rptr. 835, 511 P.2d 1187], citing *Williams* v. *New York* (1949) 337 U.S. 241 [93 L.Ed. 1337, 69 S.Ct. 1079].)

While the burden of proof during sentencing may be less stringent than the one required during trial, due process questions are raised where a

---

[4] I find defendant's position ironic, to say the least. He contends that subdivision (c) of section 1170.1 cannot be applied in computing his sentence because it was never pleaded or proven at trial. However, the applicability of *neither* subdivision (c) nor subdivision (a) was ever pleaded or proven at trial. Defendant's argument would be logical only if he were to contend that none of the provisions of section 1170.1 could be applied unless they were pleaded and proven at trial. Of course, he would never make such an argument because without one of the sentence limitations imposed by section 1170.1, the imposition of a consecutive sentence under section 4532, subdivision (b) would still leave defendant facing service of a full sentence.

defendant's sentence is greatly enhanced on the basis of facts found exclusively by the sentencing judge. (*People* v. *Foley* (1985) 170 Cal.App.3d 1039, 1055 [216 Cal.Rptr. 865].) When the Legislature has delegated authority to find facts resulting in substantially increased sentences, it has generally provided explicit due process protections such as notice, hearing and the opportunity for cross-examination. (*Id.* at p. 1056.) For example, a probation hearing incident to sentencing does not require the same procedural safeguards as a trial on the issue of guilt. The court may consider uncharged evidence if it has some substantial basis to believe that the information is reliable. (*People* v. *Peterson, supra,* 9 Cal.3d 717, 726-727.) Where a sentencing judge makes findings of aggravated circumstances justifying an upper term of imprisonment, the defendant is entitled to present a statement on his behalf and respond to the probation report assertions and recommendations. The court must weigh all the evidence to establish that aggravating factors outweigh mitigating factors. (Cal. Rules of Court, rule 439(b); *People* v. *Nelson* (1978) 85 Cal.App.3d 99, 101-103 [149 Cal.Rptr. 177].) During these proceedings a defendant receives notice of the sentencing factors being considered and has an opportunity to respond. Both the People and the defense may present argument and evidence regarding sentencing choices and findings of aggravation or mitigation. (See Cal. Rules of Court, rule 439(b), § 1170, subd. (b).) Consequently, there is no denial of due process inherent in such procedures. Due process objections to the determinate sentencing law alleging lack of adequate notice and improper use of a lower standard of proof in making aggravation findings have been rejected. (*People* v. *Nelson, supra,* 85 Cal.App.3d 99, 101-103; *People* v. *Thomas* (1979) 87 Cal.App.3d 1014, 1021-1024 [151 Cal.Rptr. 483].)

A finding of aggravation under section 1170, subdivision (b) has the same effect as a finding that a defendant was "in state prison" or "subject to reimprisonment for escape" under section 1170.1, subdivision (c). The sentencing court's finding of a fact in aggravation by a preponderance of the evidence may result in a defendant spending a longer time in prison. Similarly, a finding that the defendant committed an offense while in state prison or while subject to reimprisonment for escape may result in a longer prison stay. It follows, therefore, that the same type of evidentiary proceeding which provides adequate due process protection in finding aggravating factors for sentencing also provides adequate due process protection when determining a defendant's custody status at the time of an attempted escape. Proof regarding defendant's state prison status at the time an offense was committed may be reliably established through the probation report or other evidence in the same way that the probation report or other evidence can be a source for findings of aggravation.

## 2. Defendant Received Due Process at the Time of his Sentencing

In our case the probation report revealed that approximately six months after defendant had been released on parole, he committed new felonies. At the sentencing hearing the district attorney reported to the court that he had confirmed with the state parole board that defendant's parole had been revoked and that he was "doing state prison time" on the date of the attempted escape.

The sentencing judge further observed: "As far as the sentencing is concerned, I have been advised and apparently there is no dispute over the fact that the defendant was in fact confined to the [state prison] in that he had been sentenced under his *Morrissey* hearing and was under a parole violation jail time. And while it was being done here at county jail pending trial, it is still under the law as the court sees it [state prison time]. A person does not actually have to be in state prison per se to come within the provision of section 170.1(c) [*sic*] which controls mandatory consecutive sentencing for someone who commits such an offense of escape."

In response, defense counsel stated he had "no knowledge of Mr. Mitchell's status." Clearly defense counsel was not contesting the fact of his client's parole violation status—nor did he request a continuance to clear up any doubts or to become better informed on the point.

The circumstances of our case lead to no conclusion other than that the defendant did receive reasonable notice and had ample opportunity at the time of sentencing to contest that his parole had been violated or otherwise clarify his custodial status.[5]

## 3. The Rationale of *People* v. *Logsdon* is Unpersuasive

In *People* v. *Logsdon, supra,* 191 Cal.App.3d 338, the defendant escaped from Deuel Vocational Institute where he was serving a five-year sentence for a burglary conviction. He then committed a robbery. After defendant was apprehended, he was charged with robbery and conviction of a prior serious felony. (§§ 667, 1192.7, subd. (c).) Defendant pleaded guilty to the robbery charge and waived jury trial on the prior felony enhancement

---

[5] The defendant never attempted to deny that he was on parole at the time of the escape. He did, however, contend: "There is one thing that I think is wrong on the records. I never had a *Marsden*. You might want to put that I never did have that part . . . I was on parole though." Apparently, defendant was confusing a "*Marsden*" hearing with a *Morrissey* hearing (parole revocation) and intended to have the record reflected that he was denying that he ever had a *Morissey* hearing. The sentencing judge was obviously not persuaded by defendant's denial.

allegation. The court found the enhancement allegation true. Defendant was then sentenced to state prison for consecutive terms totalling eleven years consisting of the five-year unexpired term for the burglary and section 667.5 enhancement, one year for the robbery and five years for the serious felony enhancement.

The *Logsdon* court noted that the Supreme Court has stated that, even though section 667 was omitted from section 1170.1, subdivision (f), a prior serious felony enhancement is still subject to pleading and proof at trial. (*People* v. *Logsdon, supra,* 191 Cal.App.3d at p. 343, citing *People* v. *Jackson* (1985) 37 Cal.3d 826, 835, fn. 12 [210 Cal.Rptr. 623, 694 P.2d 736].) The Supreme Court's statement was clearly based on due process considerations. As a result, the *Logsdon* court summarily concluded that the same pleading and proof requirement applied to section 1170.1, subdivision (c). (*People* v. *Logsdon, supra,* at p. 344.)

With all due respect to the *Logsdon* court, I find its conclusion unpersuasive. The issue of sentence enhancement pursuant to section 667 discussed in the *Jackson* dictum is substantially different from consecutive computation pursuant to section 1170.1, subdivision (c). Enhancements of the type considered in *Jackson* involve imposition of a separate term in addition to the underlying term. By contrast, the so-called enhancement effect of consecutive sentence computation under section 1170.1, subdivision (c), only involves lengthening the term of the new, already imposed, consecutive sentence.

Our recent decision in *People* v. *Hooker* ■ (Cal.App.) is very much on point. In *Hooker,* we concluded that the enhancement arising from consecutive sentences imposed pursuant to section 667.6 (full, separate, consecutive five-year enhancements for sex crimes) were the result of the sentencing judge's decision to impose them and not from any charge or finding. As we explained in *Hooker:* "The full-force sentencing provisions of section 667.6 do not constitute an enhancement that must be proven or pleaded . . . . This provision effects the *length* of the consecutive sentence. It does not change the fact that the consecutive term is imposed for the underlying crime that has clearly been charged in the information. *There is nothing else to charge or find other than that the defendant committed the crime of which he had notice.*" Citing *People* v. *Reynolds* (1984) 154 Cal.App.3d 796, 810-811 [201 Cal.Rptr. 826], italics added.)

Even if one were to take the position that it is not constitutionally sufficient for a trial judge at sentencing to resolve the entire matter of defendant's state prison status, still defendant Mitchell was given due

process in the circumstances of this case. *In re Samuel B.* (1986) 184 Cal.App.3d 1100 [229 Cal.Rptr. 378] is instructive in that regard.

In *Samuel B.,* the court was faced with a similar issue involving whether pleading and proof was required in order to impose a mandatory three-year enhancement for certain sex offenses under section 667.8 (as to which pleading and proof not required under 1170.1, subd. (f).) In concluding that "nothing in the language of section 667.8 or any other section, requires the facts necessary to invoke section 667.8 be pleaded and proved, or that one be placed on notice by pleading the statute," the court went on to observe: "This is not a case in which, to invoke the statute, the court must make 'a new finding of fact [citation] that was not an ingredient of the offense charged,' which requires notice and other due process safeguards, as in *Specht* v. *Patterson* (1967) 386 U.S. 605, 608 [18 L.Ed.2d 326, 329, 87 S.Ct. 1209]; but is a case in which no new finding of fact is necessary to apply the statute because that necessarily was established beyond a reasonable doubt when defendant was convicted of the underlying offenses. The finding affects only the computation of the maximum term and merely 'ups the ante' on defendant, as in *McMillan* v. *Pennsylvania,* (1986) 477 U.S. 79, 89 [91 L.Ed.2d 67, 106 S.Ct. 2411], presenting no due process issue, because he is not confronted with ' "a radically different situation" from the usual sentencing proceeding.' 477 U.S. at p. 89 [91 L.Ed.2d at p. 78]." (*In re Samuel B., supra,* 184 Cal.App.3d 1100, 1107-1108.)

As in *Samuel B.,* the critical elements of the underlying offense in our case were all found true beyond a reasonable doubt by the jury to wit: (a) attempted escape from the custody of the sheriff (b) by force and violence, The sentencing court's determination of the mixed question of law and fact regarding whether defendant was constructively in state prison at the time of the escape "affects only the computation of the maximum term and merely 'ups the ante' on defendant." (*In re Samuel B., supra,* 184 Cal.App.3d 1100, 1107-1108.) In my view based on the foregoing sequence of events, defendant received all the notice and had all the due process to which he was entitled.

### III. THE GUN ENHANCEMENT SHOULD NOT BE STRUCK.

Unlike subdivision (a) of section 1170.1, subdivision (c) does not bar the imposition of enhancements that may attach to a full, consecutive term imposed. The California Supreme Court in *People* v. *McCart* (1982) 32 Cal.3d 338, 344 [185 Cal.Rptr. 284, 649 P.2d 926] observed with respect to subdivision (c) of section 1170.1 (then designated subdivision (b)) that the subdivision "also provides for imposition of the full base term, aggravated *and enhanced* [italics added] if appropriate, for the first or most serious in-

prison felony." Therefore, I would not strike the gun possession enhancement as the majority has held must be done.

## CONCLUSION

For the reasons set forth above, I conclude that defendant was properly sentenced under 1170.1, subdivision (c). I would affirm the judgment.