Filed 7/29/15  P. v. Baker CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C076775 |
| Plaintiff and Respondent, | (Super. Ct. No. MF037024A) |
| v. | |
| MICHAEL ANTHONY BAKER, | |
| Defendant and Appellant. | |

Convicted by jury of attempted escape from San Joaquin County Honor Farm in September 2013 (Pen. Code, § 4532, subd. (b)),[1] defendant Michael Anthony Baker was sentenced to the midterm of two years in state prison, to be served consecutively to the sentence he was serving when he attempted to escape.  He contends the trial court erred by imposing a full-term consecutive sentence because he was serving a split sentence and had not completed the mandatory supervision portion of that sentence.  (§ 1170, subd.

---

[1]  Undesignated statutory references are to the Penal Code.

1

(h)(5)(B).)  Under that sentencing scheme, according to defendant, his new sentence must be one-third the midterm.  (§ 1170, subd. (h)(1).)  The Attorney General agrees, as do we.

The parties disagree on the remedy, however.  Defendant contends this court can modify the sentence to one-third the midterm, but the Attorney General asserts that we must remand the matter to the trial court for resentencing.  We conclude defendant is correct.  We shall modify the sentence to one-third the midterm, or eight months, and affirm as modified.

## DISCUSSION

Because the sole issue raised presents a pure question of law, we need not discuss the facts of defendant's offense.

When defendant committed the current offense, in September 2013, he was serving sentences imposed earlier that month for receipt of stolen property and grand theft.  His aggregate term was three years eight months (three years for grand theft, plus eight months, one-third the midterm, for receiving stolen property).  The trial court in the prior case ordered defendant to serve 16 months of his sentence for grand theft in county jail and the remaining 28 months on mandatory supervision.  The current case came on for trial on April 15, 2014.  Defendant completed the county jail portion of his sentence on April 24, 2014.  The trial court imposed sentence in the current case on June 9, 2014.

An attempted escape from an honor farm, if not involving the use of force or violence, is punishable by imprisonment in state prison for 16 months, two years, or three years, to be served consecutively to the defendant's current sentence, or by a maximum of one year in county jail.  (§ 4532, subd. (b)(1).)  Although the jury was not asked to decide whether defendant used force or violence, the trial court expressly found at sentencing that defendant did not do so.  Thus, this case falls within section 4532, subdivision (b)(1).

"[W]hen any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment

2

rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and Section 12022.1. The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements. The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses." (§ 1170.1, subd. (a).) This subdivision applies to the calculation of terms under section 4532, subdivision (b)(1). (*People v. Scott* (1993) 17 Cal.App.4th 1383, 1387; *People v. Gulbrandsen* (1989) 209 Cal.App.3d 1547, 1555-1556; *People v. Mitchell* (1988) 199 Cal.App.3d 300, 303-304.)

Defendant's prior sentence included a principal term of three years for grand theft and a subordinate term of eight months (one-third the midterm) for receiving stolen property. The fact that it was imposed as a split sentence, including a period of mandatory supervision which defendant had not completed, did not make section 1170.1, subdivision (a), inapplicable.

Section 1170, subdivision (h)(5)(B), provides in part: "The portion of a defendant's sentenced term that is suspended pursuant to this paragraph shall be known as mandatory supervision." "[T]he Legislature has decided a county jail commitment followed by mandatory supervision imposed under section 1170, subdivision (h), is akin to a state prison commitment; it is not a grant of probation or a conditional sentence." (*People v. Fandinola* (2013) 221 Cal.App.4th 1415, 1422.) In other words, defendant's full aggregate sentence for his prior offenses is the "sentenced term" to which section 1170.1, subdivision (a), applies. Therefore, under that provision, the trial court should

3

have applied the "one-third the middle term" calculation to defendant's sentence for attempted escape without force or violence.

Defendant asks this court to modify his sentence on the current offense to eight months (one-third the midterm). The Attorney General asks us instead to remand the matter for resentencing, but offers no analysis to support this proposal. Defendant replies that there is no reason for remand because the modification he requests is the only authorized sentence that could be imposed (§ 1170.1, subd. (a) [subordinate term "shall" consist of one-third the midterm]; *People v. Standish* (2006) 38 Cal.4th 858, 869 [statutory "shall" ordinarily interpreted as mandatory]), and this court has the power to correct an unauthorized sentence on its own motion. (*People v. Sanders* (2012) 55 Cal.4th 731, 743, fn. 13.) We agree with defendant and shall modify the sentence.

## DISPOSITION

Defendant's sentence for attempted escape is modified to eight months. As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment that reflects the modified sentence and shows that defendant was convicted by jury, and to furnish a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.


   RENNER            , J.


We concur:


  HULL            , Acting P. J.


  MAURO          , J.