12 F.3d 1111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Duane Dennis WYNN, Petitioner-Appellant,
v.
William BUNNEL, warden; John K. Van De Kamp, Respondents-Appellees.
 No. 93-15588.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 27, 1993.*
Decided Dec. 15, 1993.
 
 Before: CHOY, GOODWIN, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Duane Dennis Wynn was charged with two counts of forcible oral copulation, two counts of forcible oral copulation in concert, and one count of forcible sodomy in concert, in violation of Cal.Penal Code Secs. 288a(c), 288a(d) and 286(d). After a jury trial, Wynn was found guilty on all five counts. On May 20, 1982, Wynn was sentenced to 28 years, based on concurrent sentences of seven and nine years, and consecutive sentences of six, six and seven years, pursuant to Cal.Penal Code Secs. 667.6(c) and 667.6(d).
 
 
 3
 Wynn now appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition. Wynn claims that the district court erred by dismissing his claim that he was deprived of his constitutional right to a jury trial when the court imposed consecutive sentences under a sentencing statute with different elements from those contained in the statute defining the offense. Specifically, Wynn claims that the trial court invaded the province of the jury by sentencing him to consecutive terms without a jury finding that he committed the offenses under a "threat of great bodily harm."
 
 
 4
 The instructions given on Cal.Penal Code Secs. 288a(c), 288a(d) and 286(d) all stated that the defendant is guilty if the criminal act was accomplished against the victim "by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury " (emphasis added). By contrast, sentencing statute Cal.Penal Code Sec. 667.6(d) at the time of Wynn's conviction stated that full, separate, and consecutive terms shall be served for each violation of Secs. 286 or 288a if accomplished by "force, violence, duress, menace or threat of great bodily harm if such crimes involve ... the same victim on separate occasions." Id. (emphasis added).
 
 
 5
 At issue is the disparity between the statutes describing the offenses charged and the statute providing for the imposition of consecutive sentences. Wynn claims the imposition of full-term consecutive sentences was erroneous because there was no jury finding as to the degree of threat used. Wynn relies on the fact that the degree of threat required for conviction of the offense is only "fear of immediate and unlawful bodily injury," which is disparate from the degree of threat required for consecutive sentences, which is "threat of great bodily harm." Wynn cites People v. Reyes, 200 Cal.Rptr. 651, 655, 153 Cal.App.3d 803, 813 (1984), which found that the disparity between the two statutes required a specific jury instruction and specific jury findings in order to justify consecutive sentencing.
 
 
 6
 Wynn's habeas corpus petition must be denied because he fails to state a federal claim. While this issue is not addressed by either the appellant's or the appellee's brief, defects in subject matter jurisdiction may be raised at anytime, either by the parties or by the court sua sponte. Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908); Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1264 (9th Cir.1992). "A writ of habeas corpus is available under 28 U.S.C. Sec. 2254(a) only on the basis of some transgression of federal law binding on the state courts. It is unavailable for alleged error in the interpretation or application of state law." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.1985) (citations omitted), cert. denied, 478 U.S. 1021 (1986). This court has refused to entertain habeas corpus challenges to the "enhancement" provisions of Cal.Penal Code 667(a), finding it an issue of state law. See Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir.1989) (holding that whether assault with a deadly weapon qualifies as a "serious felony" under California's sentence enhancement provision is a question of state sentencing law, and therefore federal habeas relief not available).
 
 
 7
 In Middleton, this court held that federal habeas relief was only available if "the Constitution or other federal law specifically protects against the alleged unfairness or guarantees the procedural right in state courts." 768 F.2d at 1085. Petitioner has failed to show that a constitutional error has occurred. While it is true that "the complete failure to give any jury instruction on an essential element of the offense charged, under circumstances indicating that the jury was not otherwise informed of the necessity of proof of the element is a violation of due process," Cole v. Young, 817 F.2d 412, 423 (7th Cir.1987), this is simply not the case here. While California's courts may have found that the failure of the jury to differentiate whether a conviction was based on "force" or "threat", and the failure to explicitly state the degree of threat was an error, this was an interpretation of state sentencing laws. We decline to find that as a matter of due process, the difference in semantics between "threat of great bodily harm" and "fear of immediate and unlawful bodily injury" rises to the level of a constitutional violation.
 
 
 8
 The Superior Court of the State of California denied Wynn's Petition for Writ of Habeas Corpus on the basis that "this Court declines to apply People v. Johnson, 1986, 188 CA3d 182, retroactively to Petitioner since the Court of Appeal indicated no retroactive application." Johnson was one of several cases in the line of cases that grew out of Reyes. The Court of Appeal of the State of California denied the same petition on May 26, 1989, and the Supreme Court also denied Wynn's petition on May 30, 1989.
 
 
 9
 Wynn was sentenced on May 20, 1982. The decision in Reyes was made in 1984. The California court's decision not to retroactively apply the interpretation of California law as set down in Reyes rests on a further interpretation of state law. This court has no jurisdiction to apply the Reyes decision to this case. Therefore, because Wynn fails to state a federal claim, we affirm the denial of Wynn's application for a writ of habeas corpus.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3