17 F.3d 394
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward C. JENKINS, Petitioner-Appellant,
v.
Robert G. BORG; James Gomez, Director, Department of
Corrections, Respondents-Appellees.
 No. 93-16082.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 11, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward Charles Jenkins, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. Jenkins claims that he was subjected to consecutive sentences that were not authorized by state law, and thus that he was denied due process of law. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 
 3
 Jenkins was convicted for forcible sodomy and forcible oral copulation, in violation of Cal.Penal Code Secs. 286(c) and 288a(c). These statutes require that the acts in question be committed by force or accompanied by the fear of immediate and unlawful bodily injury. The jury returned a general verdict against Jenkins. Jenkins was sentenced pursuant to Cal.Penal Code Sec. 667.6(d), which provides that full consecutive terms may be imposed for a listed group of offenses, including the offenses for which Jenkins was convicted, if they are committed by force or the threat of great bodily harm.
 
 
 4
 The standard required for imposition of consecutive sentences under Cal.Penal Code Sec. 667.6(d) is higher than that required for conviction pursuant to the statutes under which Jenkins was convicted. See People v. Reyes, 153 Cal.App.3d 803, 812 (1984); Hunter v. Aispuro, 982 F.2d 344, 348 (9th Cir.1992), cert. denied, 114 S.Ct. 240 (1993). Thus, in order to authorize the imposition of consecutive sentences, the jury's verdict must comply with the specific language of section 667.6(d). See Reyes, 153 Cal.App.3d at 811-12. Here, however, the jury was not instructed in the language of section 667.6(d) and returned only a general verdict of guilt. Accordingly, the trial court committed error by failing to instruct the jury to make the specific findings required by section 667.6(d). See id. at 812-13; Hunter, 982 F.2d at 348-49.
 
 
 5
 However, this error is subject to a harmless error analysis. See Hunter, 982 F.2d at 348. We must therefore determine whether the error had a substantial and injurious effect or influence in determining the jury's verdict. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993). In this case, the conviction must stand if " 'it is clear from the evidence and jury findings that the jury could only have found the offenses were committed by force or fear of great bodily harm.' " Hunter, 982 F.2d at 349 (quoting People v. Ramirez, 236 Cal.Rptr. 404, 424 (1987)).
 
 
 6
 We agree with the district court that "the testimony given at trial clearly indicated that the offenses were committed by the use of force rather than by 'threat of harm.' " Both of Jenkins's victims testified that they were forcibly sodomized and made to orally copulate Jenkins.[1] In these circumstances, the jury could only have found that the offenses were committed by force. See Hunter, 982 F.2d at 349. Accordingly, the trial court's error in instructing the jury did not have a substantial and injurious effect on the verdict. See Brecht, 113 S.Ct. at 1722.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although one victim stated that he initially touched Jenkins's penis out of fear for his safety, he went on to say that the acts of sodomy and oral copulation were committed against his will by sheer physical force